# Birmingham Ry. Light & Power Co., v. Oden, *et al.*

*Action for Damages to Property by Construction of Railroad Embankment.*

(Decided April 28, 1906. 41 So. Rep. 129.)

1. *Pleading; Conclusion.*—A complaint for damages to plaintiff's lots, caused by the construction of a railroad embankment by defendant, along the street adjacent to such lot, under franchise from the city, which alleges merely that plaintiff's lot was damaged on account of such construction, is demurrable, as not setting forth any facts showing actual damages or specific injury to the property; conceding such complaint was framed under § 227 of Constitution of 1901.

2. *Eminent Domain; Remedies of Property Owners; Pleading.*—A complaint for damages to property, growing out of a construction by a corporation, under a franchise granted by the municipality, of a railroad embankment along the street adjacent to such property, which alleges that plaintiff was the owner of certain property adjacent to a street and abutting thereon; that defendant constructed, under franchise from the city, an embankment along such street and was operating a

[Birmingham Ry. Light & Power Co. v. Oden, et al.]

railroad thereon, and that by reason of the embankment water backed upon and stood on plaintiff's lot, was not subject to demurrer that its averments were vague and indefinite; that it did not appear therefrom how or in what manner plaintiff's property was damaged, that its statements were mere conclusions; that no facts are alleged etc. showing any duty defendants owed to plaintiff.

3. *Appeal; Error not Insisted On; Waiver.*—Assignments of error not insisted upon in brief of counsel are waived, on appeal.

4. *Eminent Domain; Remedy of Property Owners; Street Railroads; Damages.*—Under § 227 Constitution of 1901, the measure of damages for constructing a railroad embankment along the street on which the property abuts, is the difference between the market value of the abutting property before and after the construction of the utility.

5. *Tenancy in Common; Action by Tenants; Damages.*—Where five of seven tenants in common sue for damages to land resulting from the construction of a railroad embankment along the street on which the land abuts, the measure of recovery was five-sevenths of the total damage resulting to the land.

6. *Eminent Domain; Remedy of Property Owner; Evidence.*—In an action for damages resulting to land abutting a street along which a railroad embankment had been constructed, evidence as to the amount of material required to fill in the lot to bring it to a level with the car rail on the embankment was not admissible, that not entering into the measure of damage.

7. *Trial; Abstract Charges; Explanatory Charges.*—Where charges are given which state abstractly true propositions of law, explanatory charges should be asked, and the court will not be put in error for giving such charges.

8. *Eminent Domain; Remedy of Property Owners; Proof.*—Under a complaint framed with respect of § 227, Constitution 1901, and alleging that the construction of the railroad embankment along the street was under a franchise from the city, it was necessary to prove that such embankment was constructed under a franchise.

9. *Same; Computation of Damages.*—In an action for actual damages to property, by the construction of an embankment, under a franchise along the street on which such property abuts the question of whether the property has been enhanced or decreased in value by the construction and operation of street

cars or a street railway in front of the property does not enter into the ascertainment of the damages.

10. *Parties; Striking Out; Effect.*—Where seven tenants in common sue for damages to their property by the construction of a railway along the street adjacent thereto, the striking of two of the parties plaintiff by amendment did not entitle defendants to a verdict as against remaining plaintiffs.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by Jule L. Oden and others against the Birmingham Railway, Light & Power Company.

The complaint contained two counts as follows: "Plaintiffs claim of the defendants the sum of $1,500 as damages, for that, whereas, heretofore, to-wit, during the months of May, June, July, August, and September, 1903, the said defendants were constructing and operating a system of street railroads in the city of Birmingham, Ala., along and across the public streets of said city of Birmingham, under a privilege or franchise granted by the mayor and aldermen of the city of Birmingham, permitting said company to construct and operate its said system of railroads. Plaintiffs further aver that the defendant, in the construction of the line of its system of railroads along Tenth avenue, a public street in said city, and between Eleventh and Twelfth streets, in said city of Birmingham, said defendant erected an embankment along said Tenth avenue, to-wit, 20 feet wide and 10 feet high, in front of lot five (5), block three (3), of the J. M. Ware survey, in said city Plaintiffs aver that they are the owners and proprietors of said lot 5, block 3, of said survey, and that the said lot abuts on said Tenth avenue, and that said lot is damaged on account of such construction of said embankment, for which they claim damages as before stated." Count 2: "The plaintiffs claim of the defendant the sum of $1,500 as damages, for that, whereas, heretofore, to-wit, during the months of May, June, July, August, and September, 1903, they were the owners and proprietors of lot 5, block 3, of the J. M. Ware survey, in the city of

32

Birmingham, Ala.; that the said lots abut on Tenth avenue, a public street in said city, between Eleventh and Twelfth streets, of said city; that the defendant, under and by virtue of a privilege or franchise granted to it by the board of mayor and aldermen of the city of Birmingham, during the time above named, constructed or erected an embankment 20 feet wide and 10 feet high along said public street and in front of said property, and is operating thereon a line of its system of railroads; that by reason of said embankment the water backs upon and stands upon said lot; and that said lot is damaged by reason of the construction and operation of said line of railroads as above stated, hence this suit."

Defendant filed the following demurrers to the first count: "(1) The averments of said count are vague, indefinite, and uncertain. (2) For that it does not appear therefrom how or in what manner plaintiff's said property was damaged. (3) The statements are but the conclusion of the pleader. (4) No facts are therein averred which show or tend to show that plaintiff's said property was damaged. (5) It does not state a cause of action, in this: It does not allege any duty owing by defendant to plaintiffs, nor does it allege a violation of any duty which the defendant owed plaintiffs in the premises." Same grounds of demurrer were filed to the second count. The defendant filed the following plea: "(4) And the defendant for a further answer to said complaint, and for further answer to each and every count thereof, separately and severally, says that plaintiffs ought not to have or maintain their action against the defendant, for that prior to the erection or construction of the embankment the city officials of the city of Birmingham established and fixed the grade at which defendant's track should be laid on said Tenth avenue and in front of plaintiff's said property; and the defendant says that the city officials of the said city of Birmingham have the right to establish and fix said grade at which the defendant's track should be laid, and that defendant was required to construct its track according to the grade so fixed by the city officials of the city of Birm-

ingham; and defendant says that in laying its track it did conform to such grade as established by the city officials of the city of Birmingham."

The plaintiff demurred to this plea as follows: "(1) It is no answer to the complaint. (2) Said plea in effect asserts a right to take or injure property without due process of law. (3) The city had no authority to grant a right or franchise to the defendant to take or injure plaintiff's property without due process of law." The court sustained these demurrers to the fourth plea and this is assigned as error. The plaintiff amended its complaint by striking two parties plaintiff, whereupon the defendant moved to dismiss the cause on account of the amendment, which motion was overruled, and this constitutes the fourth assignment of error.

The court gave the following charges for plaintiff: "(1) The plaintiffs in this case being minors, they are not confined to the one year before the filing of the complaint. (2) The statute of limitations of one year does not bind these plaintiffs. (3) A minor has one year after becoming of age of $2^1$ years to bring suit for damages to property. (4) It is immaterial, so far as these plaintiff's in this cause are concerned, when the embankment was placed in front of this property."

Charges 1, 2, and 3 requested by the defendant were in effect affirmative charges to find against the plaintiff on each count of the complaint, and were refused by the court: "(4) If the jury believe the evidence in this case, the plaintiffs can recover only nominal damages. (6) In estimating the damages in this case, the jury may consider whether the construction of a street railroad track and the operation of street cars in front of plaintiff's property has enhanced or decreased the value thereof. (7) In estimating the damages in this case, the jury may consider whether or not the construction or operation of a street railway in front of said property has enhanced the value thereof. (8) The court charges the jury that the plaintiffs are entitled to recover only the damage that has been done to said lot within 12 months before the bringing of this suit. (9) The court charges

the jury that the plaintiffs are entitled to recover only the damage that has been done to said lots since the 8th day of November, 1902. (10) The court charges the jury that, the plaintiffs are not entitled to recover any damage done to the lot before the 9th day of November, 1902. (1) The court charges the jury that they cannot award the plaintiff, if they find for the plaintiff, more than five-sevenths of the difference between the market value of the lot 12 months before this suit was brought and the market value of the lot at this time. * * * (13) If the jury believe from the evidence that part of the embankment was constructed in March and April, 1902, and the lot was thereby damaged, and if the jury further believe from the evidence that in July and August, 1903, the railroad was constructed on said embankment, and said embankment was thereby increased in height and width, and further damaged by reason of said increase, the court charges the jury that the plaintiffs are entitled to recover only the damage done to said lot because of such increase of said embankment. (14) The measure of damages under the second count of plaintiff's complaint is what injury has been done to the property of plaintiff's during the year preceding the filing of the suit, and it is not the difference in market value of the property before and after the construction and erection of the embankment. (15) There is no evidence before you as to the difference in value of the property after the first part of the embankment was constructed, and before the track of the street car company was laid (16) If you believe from the evidence in this case that all the plaintiffs who originally filed the suit owned a joint interest in the property, and that since the filing of the suit some of the plaintiffs have been stricken from the complaint, you will find the verdict in favor of the defendant.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. —The demurrer to the complaint should have been sustained. Prior to the adoption of the constitution of 1875, the plaintiffs could not have maintained the ac-

[Birmingham Ry. Light & Power Co. v. Oden, et al.]

tion without averring that the work done was a nuisance or was done negligently or unskillfully.—*City Council of Montgomery v. Townsend,* 80 Ala. 491; *Austin v. Detroit Ry. Co.,* 96 N. W. 35; 10 Am. & Eng. Ency. of Law, 1134. The defendant's objection to the question propounded to the witness Brown in reference to his measurements and the amount of work required to fill the avenue should have been sustained. The measure of damages being the difference in the value of the property before and after the construction of the embankment.—*City Council v. Townsend, supra; Maddox v. City Council,* 89 Ala. 181. Counsel discuss other assignments of error but cite no authorities.

KENNEDY & WHITTAKER and C. W. HICKMAN, for appellee.—The demurrers were properly overruled.—Section 227, constitution 1901. Railroad companies are liable for damages for any change in the grade of the street or embankments or cuts which specially injures abutting property, and the complaint sufficiently alleged this fact.—*Baker, et al. v. Selma S. & S. R. R. Co.,* 130 Ala. 474; 135 Ala. 560; *Birmingham Trac. Co. v. B'ham. R. & E. Co.,* 119 Ala. 137; *A. M. Ry. Co. v. Costry,* 92 Ala. 254; *A. M. Ry. Co. v. Williams,* 92 Ala. 277. The court properly sustained demurrers to appellant's fourth plea.—Section 235, Constitution 1901; *Town of Avondale v. McFarland,* 101 Ala. 381; *City Council v. Maddox,* 89 Ala. 181; *Evans v. S. & W. R. R. Co.,* 90 Ala. 54. Any one or more of several heirs entitled as tenants in common to a reversionary estate in land may sue for injuries thereto, but the recovery will be limited to the proportion of damages those suing are entitled to recover. —*Lowery v. Roland,* 16 So. 88. All parties who join in the suit must be entitled to recover or none can, and the court properly allowed the adult plaintiffs to be stricken whose cause of action was barred by the statute of limitations.—*Loveless v. Hutchins,* 17 So. 623; *McLeod v. McLeod,* 73 Ala. 45; *Taylor v. Robinson,* 69 Ala. 269; *Hutton v. Williams,* 60 Ala. 107; *James v. James,* 55

Ala. 523. The jury had a right to know the real condition of the lot, what it would take to fill it, hence the court did not err in admitting Brown's testimony.— *Lowery v. Roland, supra; Clark v. Zeigler,* 79 Ala. 346; *Vandeusen v. Young,* 29 N. Y. 10.

DENSON, J.—The plaintiff sued the defendant, Birmingham Railway, Light & Power Company, a corporation, to recover damages alleged to have resulted to them as owners of a lot which abutted on Tenth avenue, in the city of Birmingham, from the construction by defendant of a street railroad embankment along said avenue. The complaint is composed of two counts, and was filed on the 9th day of November, 1903, in the circuit court of Jefferson county. A demurrer to each count of the complaint was overruled by the court.

The first and second grounds in the assignment of errors challenge the correctness of the judgment of the court on the demurrers. Each of the counts show that the embankment was constructed by the defendant in the course of construction and operation of a system of street railroads in the city of Birmingham under a privilege or franchise granted to it by the mayor and aldermen of said city, permitting it to construct and operate its system of railroads. The first count avers that the plaintiff's lot was "damaged on account of such construction of said embankment," but no facts are averred in this count upon which the claim for damages is based, other than the ownership of the property abutting the avenue and the construction of the embankment, nor is the character or nature of the injury to the lot averred. Conceding that the count is framed with respect of section 227 of the Constitution, under that section there must have been actual damages resulting to the plaintiff on account of the construction of the embankment. The averment of the construction of the embankment under a privilege granted by the city authorities, without more, would not show a substantial cause of action. There must have been a special injury to the plaintiff's property with actual damages as a consequence. Actual

damages, then, are of the very essence of the plaintiff's right of recovery, and must be shown by appropriate averments in the complaint. Confessedly the averment of the first count with respect of damages is a bare conclusion of the pleader, and unless this is sufficient it must be held that the judgment of the court overruling the demurrer to this count was erroneous.

This case cannot be classed with that line of cases in which it has been held that if a complaint is good to recover even nominal damages, or if it alleges damages which are not too remote, it is safe from demurrer. An inspection of those cases will reveal that the nature of the injury was specifically averred, and the demurrer was either upon the ground that there was no claim of damages, or that the damages claimed were too remote. In other words, it was sought in those cases to present by demurrer the question of the proper measure of damages.—*Pryor r. Beck*, 21 Ala. 393; *A. G. S. R. R. Co. v. Tapia*, 94 Ala. 226, 10 South. 236; *Norton v. Kumpe*, 121 Ala. 446, 25 South. 841; *Elliott v. Kitchens*, 111 Ala. 546, 20 South. 366, 33 L. R. A. 364, 56 Am. St. Rep. 69; *Treadwell r. Tillis*, 108 Ala. 262, 18 South. 886. The actual recoverable damages are such as are the natural and proximate result of the construction of the embankment, and what constitutes such damage is a question of law, determinable by the court upon the fact alleged. While it is not necessary, nor would it be good pleading, to set out the evidence in the complaint going to show the plaintiff's damages, yet, in order to make out a substantial cause of action, good pleading requires that the complaint in a cause like this should show that the plaintiff's property was injured by the construction of the embankment and the nature and character of the injury. Less than this would not give the defendant any notice as to the injury and damage relied upon. It was not sufficient in this respect merely to aver the conclusion that the lot was damaged on account of the construction of the embankment, but the defendant was entitled to be informed by the complaint of the nature and extent of the injury done the property. The facts from

which the conclusion of damages to the property was deducible should have been succinctly stated. The conclusion is that the demurrer to the first count should have been sustained, and the court erred in overruling it.— *Mayor & Aldermen v. Ewing*, 116 Ala. 576, 22 South. 984; *City Delivery Co. v. Henry*, 139 Ala. 161, 34 South. 389; *Commissioners' Court of Perry County v. Md. Society*, 128 Ala. 257. 29 South. 586; *City Council of Montgomery v. Gilmer*, 33 Ala. 116, 70 Am. Dec. 562; *Town of Avondale v. McFarland*, 101 Ala. 381, 73 South. 504; *M. & M. Ry. Co. v. A. M. Ry.*, 116 Ala. 51, 23 South. 57. The second count of the complaint was not subject to the demurrer.

The third and fourth grounds of error are not insisted upon in brief of counsel, and are therefore waived  However, as the case must go back to be tried again, we remark that there was no error in the rulings of the court upon which these grounds of error are based.

The rule for the admeasurement of damages applicable to the case, if the plaintiffs are entitled to recover, is the difference between the market value of the lot before and after the construction of the embankment—the diminution in value produced thereby.—*City Council of Montgomery v. Townsend*, 80 Ala. 491, 2 South. 155, 60 Am. Rep. 112; *City Council of Montgomery v. Maddox*, 89 Ala. 181, 7 South. 433; *Mayor and Aldermen of Huntsville v. Ewing*, 116 Ala. 576, 22 South. 984. The plaintiffs were tenants in common of the property. There were originally seven of them. After the evidence was closed the complaint was amended by striking out two of the plaintiffs. The measure of the recovery by the five would be five-sevenths of the total damage, ascertained according to the rule above stated.— *Lowery v. Rowland*, 104 Ala. 420, 16 South. 88.

What amount of material would be required to fill in plaintiff's lot to bring it to a level with the car rail on the embankment was immaterial, and was not proper evidence with respect to the measure of damages. Hence the evidence of the witness Brown should not have been allowed over the objection made by the defendant.

The evidence without conflict showed that the five persons who remained as the parties plaintiff in the cause, after the amendment was made striking out two of the parties plaintiff, were minors at the commencement of the suit and owners of an undivided five-seventh interest of the lot in question at the time the embankment was constructed. Then, of course, their right of action accrued while they were minors, and under the evidence the statute of limitations had no field of operation in the case; and charges 1, 2, 3, and 4, given at the request of the plaintiffs, in so far as they attempt to exempt plaintiff from the statute of limitations, abstractly speaking, were not objectionable.—Code 1896, § 2807.

But it is insisted by the appellant that under the evidence and the pleadings (the averments of the complaint) the charges were inappropriate and were erroneously given. The complaint alleges the embankment was constructed during the months of May, June, July, August and September; but the averment is under a videlicet. The evidence without conflict showed that the greater portion of the embankment was constructed during the spring of 1902, and from that time until July, 1903, nothing more was done, and the construction of the embankment was completed in the fall of 1903, and prior to the commencement of the suit. The argument of the appellant is that by the averments of the complaint, notwithstanding the minority of the plaintiffs, their right of recovery was confined to damage accruing during and after the time alleged in the complaint up to the commencement of the suit. In this view of the case, these charges 1, 2, 3, and 4 of the plaintiff's series may be misleading in their tendencies; but this would not make the giving of them error, as the defendant could have had protection by requesting an explanatory charge.

The first five charges in the defendant's series were in effect affirmative charges to find for the defendant. There was evidence in the case tending to support plaintiffs' right of recovery in all respects but one. There was an entire lack of evidence that the defendant

in constructing the embankment was operating under a privilege or franchise as alleged in the complaint. The averment was a material one in the complaint. The court was not required to take judicial knowledge of the fact that the defendant was operating under a privilege granted by the city. Without evidence of it the plaintiffs failed to make out their case, and the defendant was entitled to have the court give to the jury charges 1, 2, and 3, as requested by it in writing.

It is not necessary, in the light of what we have said, to comment on charges 4, 5, 8, 9, 10, 11, 13, 14, and 15 further than to say that they were inapt. It is sufficient to say of charges 6 and 7 that they were abstract. But we think the charges do not state correct propositions of law.—Code 1896, § 1718; *Hooper v. S. & M. R. Co.*, 69 Ala. 529. Charge 16 was not a correct statement of law.—Code 1896, § 3331; *Lowery v. Rowland,* 104 Ala. 420, 16 South. 88.

For the errors pointed out, the judgment of the circuit court must be reversed, and the cause remanded.

Reversed and remanded.

HARALSON, DOWDELL, and ANDERSON, JJ., concur.