CYNTHIA BERARD ET AL., APPELLEES, V. ATCHISON & NEBRASKA RAILROAD COMPANY ET AL., APPELLANTS.

FILED OCTOBER 16, 1907. No. 14,946.

1. **Appeal: EVIDENCE.** A verdict which there is no competent evidence to sustain will be set aside.

2. **Damages.** The measure of damages for the destruction of a growing crop is the value of the crop at the time of its destruction.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Reversed*.

*J. W. Deweese, F. Martin* and *Frank E. Bishop,* for appellants.

*John Gagnon* and *C. Gillespie, contra*.

DUFFIE, C.

The plaintiff, Cynthia Berard, is the owner of about 140 acres of land lying on the north side of the Nemaha river in Richardson county, and about one mile north of the railroad embankment reaching from the station of Preston to the Nemaha river, across which a bridge had been constructed about 90 feet in length, the opening underneath being the only opening left for the passage of the waters of said river. The embankment from the station of Preston to the east end of the bridge is about one mile in length and 12 feet high, and it is claimed that during the season of 1902, 1903 this embankment dammed up the water of the river, causing it to back up over the plaintiff's lands, destroying the crops growing thereon.

This land was rented to Threlkel for the years 1902 and 1903 for a share of the crops, and he joined in this action to recover from the railroad company the crops alleged to have been destroyed in consequence of its negligence in not providing more adequate means for the escape of the flood waters of the river.

The evidence discloses that from the station of Preston to the Nemaha river a solid embankment has been thrown up across the valley for the whole distance; that the only opening left for the flow of water is beneath the bridge, which, at the date of the injury complained of, was about 90 feet in length, and wholly inadequate to allow the escape of the flood waters accumulating in the valley. It was shown that on the north side of the embankment the waters were dammed up to a depth of several feet, while on the south side the land was free of water, and cattle were grazing in the fields. It is quite clear from the testimony given that the embankment caused the waters to dam up on the north side thereof and to overflow the plaintiff's lands, and that this overflow continued for a space of from five to seven days, entirely destroying the crops. As we view the evidence, it was amply sufficient to warrant the jury in finding that the negligent construction of the railroad across this valley was the cause of the loss of plaintiff's crops. The authorities are quite uniform that the rule of damage for the loss of a growing crop is the value of the crop at the time of its destruction or of the damage sustained. No witness testified to the value of the crop at the time of these overflows. The renter testified to the condition of the crop and the amount that it would produce had it not been destroyed. He also testified to the market value of corn and oats in the fall of 1902, 1903, and from this data he estimated that the damages to the crop amounted to $1,700 or $1,800. No evidence was given or offered of the necessary expense in raising, harvesting and marketing the crop, and the jury could only guess at the damage actually suffered. The general rule is that the value of a growing crop in the

condition in which it exists at the time of its destruction is the measure of damages. *Fremont, E. & M. V. R. Co. v. Harlin,* 50 Neb. 698; 13 Cyc. 153, and authorities cited.

For the reason that there was no competent evidence before the jury upon which to base an estimate of damages, we recommend a reversal of the judgment and remanding the cause for another trial.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment is reversed and the cause remanded for another trial.

REVERSED.