# Bragan *v.* Birmingham Railway Light & Power Co.

*Damage to Property From Construction of Railway.*

(Decided Nov. 25, 1909.   51 South. 30.)

1. *Eminent Domain; Compensation; Consequential Damages; Benefits; Set Off.*—In assessing consequential damages to abutting property from the grading of a street and the construction of a railway therein, special benefits accruing to the property must be considered and set off against damages.

2. *Same; Proceedings; Admission of Evidence.*—Where the action is to recover damages to abutting property by a change in the grade of the street, and the construction of a railroad therein, testimony that plaintiff's property was vacant about fifteen months after the grade was changed, was not admissible as the vacancy and the change of grade was not sufficiently connected; for similar reasons it is not admissible to show that the house as it was at the time of the trial could not be rented.

3. *Evidence; Opinnion Evidence; Opinion as to Facts.*—To the question as to whether or not the rental value of the property was injured by the change in the grade of the street and the building of a railway therein the witness answered "I do not know; I should say I think so." Held to mean that while witness could not state positively that the rental value had been injured, that it was his

[Bragan v. Birmingham Railway Light & Power Co.]

opinion it had, and hence, the answer was not inadmissible on the ground that it showed the witness did not know.

4. *Evidence; Opinion Evidence; Conclusion.*—The question as to how much damages was done property by a change in the grade of the street and the construction of a railroad therein being for the determination of the jury, a witness cannot state how much plaintiff was damaged.

5. *Trial; Reception of Evidence; Limiting Evidence; Authority of Court.*—The court can, of its own motion, limit or confine the testimony within legal bounds.

6. *Appeal and Error; Harmless Error; Exclusion of Evidence.*— Since it could be assumed that the witness considered everything affecting the market value of the property, including its rental value, in stating his opinion of the market value, if it was error it was not prejudicial to the plaintiff to exclude the evidence of such witness that he did not know whether the rental value of the property was affected, but should say that he thought so, where neither the witness nor the jury could have understood by the ruling excluding such testimony that the rental value of the property was not to be considered in determining its market value, especially where the witness afterwards gave his opinion as to the market value of the property.

7. *Same; Presumption.*—Nothing affirmatively appearing to the contrary, it will be presumed on appeal that a timely motion was made to exclude improper testimony in order to prevent imputing error to the trial court.

8. *Same; Finding; Conclusiveness.*—A finding of the court or jury will not be disturbed on appeal upon the mere surmise that a part of the evidence was misunderstood.

9. *New Trial; Newly Discovered Evidence.*—Affidavits of witnesses examined on the trial that in stating their opinion as to the value of the property for which, on account of a change in the grade of the street, damages were sought that they had considered any supposed benefit which might have accrued because of the improvement in stating their opinion as to the value of the property before and after the grading was not newly discovered evidence, and hence, not a basis for the granting of a new trial upon that ground.

APPEAL from Birmingham Circuit Court.

Heard before Hon. THOMAS W. WERT.

Action by A. P. Bragan, as administratrix, against the Birmingham Ry. Light & Power Company, for damage to property, by the change of the grade in a street, and the building of a railroad thereon. Judgment for defendant and from an order overruling a motion for a new trial, plaintiff appeals. Affirmed.

TOMLINSON & McCULLOUGH, for appellant.—"The measure of damages for an injury caused to abutting property is the difference on the market value of the property before and after the act complained of; and the amount of the damage so ascertained cannot be diminished by the fact that the property along the line of the railroad appreciated in value or was generally benefited by this construction."—*Highland Ave. & Belt. R. R. Co. v. Matthews, et al.,* 99 Ala. 24; *Town of Eutaw v. Botnick,* 150 Ala., p. 435; *City Council of Montgomery v. Maddox,* 89 Ala. 181-189; *Town of Avondale v. McFarland, et al.,* 101 Ala. 382-383; *City Council of Montgomery v. Townsend,* 80 Ala. 489-497; *Same v. Maddox,* 89 Ala. 181; *Birmingham Ry., L. & P. Co. v. Oden,* 146 Ala. 495; 15 Cyc. 691-701; *Louisville v. Hegan,* (Ky.) 49 S. W. 532; *Dale v. City of St. Joseph,* 59 Mo. App. 566.

"In estimating damages to abutting property, the jury cannot consider whether the construction of the street railroad track and the operating of street cars in front of the plaintiff's property has enhanced or decreased the value thereof."—*Birmingham Ry L. & P. Co. v. Oden, et. al.,* 146 Ala. 495. "The damage to the rental value of the property in question was a proper matter for the consideration of the jury."—*Town of Eutaw v. Botnick,* 150 Ala. 435.

TILLMAN, GRUBB, BRADLEY & MORROW, and CHARLES E. RICE, for appellee.—In determining whether and how much property has been damaged by a change of the grade in the street, and the building of a railroad thereon, the special benefits accruing to the property by reason of the improvements, if any, must be taken into consideration.—*Eutaw v. Botnick,* 150 Ala. 429, and cases therein cited; *Blair v. Charleston,* 35 L. R.

A. 835. The court properly denied motion for a new trial.—*White v. Blair,* 95 Ala. 148; see also 141 Ala. 334; 141 Ala. 559.

SAYRE, J.—The main question involved is whether, in assessing damages which have accrued to the owner of property attingent upon a public street by grading the street and constructing a street railway thereon, special benefits which have accrued to the property thereby must be considered. The street was graded and a railway constructed under a license from the city of Birmingham, and the defendant in constructing the embankment conformed to the grade which had been fixed by the municipal authorities. The plaintiff's claim was for consequential damages, and not for the taking of any part of his property. There was no averment of additional servitude imposed upon the street. This question must be taken as settled in this court by the case of *Town of Eutaw v. Botnick,* 150 Ala. 429, 43 South. 739. It was there said: "The party whose land is taken should certainly be paid in full for the land actually taken, without regard to any benefits accruing to the remaining land; but when the party seeks to recover for the injury or damage to the remaining lands, it is difficult to see how it can be said that any damage has been suffered by reason of the change of grade and making of the sidewalk, if the net result of that work has been that the land has been benefited, and not deteriorated, in value." And further: "The simple question is whether or not, taking all things into consideration, the property has deteriorated in value as a result of the work done, or has it increased in value? Of course, if it has increased in value, the owner has not been damaged. In other words, the test is the difference between the market value before and after the work was done."

[Bragan v. Birmingham Railway Light & Power Co.]

That conclusion was reached after a careful survey of the authorities and underlying considerations. We are not disposed to embark upon further argument. The decision in *Birmingham Ry.; L. & P. Co. v. Oden*, 146 Ala. 495, 41 South. 129, was considered in *Town of Eu-taw v. Botnick, supra,* and found to contain no sufficient reason for disturbing the conclusion reached. It is evident that the distinction between compensation for property taken and damages to property not taken, but damaged only, was not in the mind of the court when it condemned charge 6 requested by the defendant in the *Oden Case.* That charge asserted that, in estimating damages in that case, the jury might consider whether the construction or operation of a street railway in front of plaintiff's property had enhanced its value. But the section of the Code and the case of *Hooper v. S. & M. R. R. Co.*, 69 Ala. 529, cited to support the opinion at that point, have to do with the ascertainment of compensation for property taken, whereas the case there in hand involved only the admeasurement of consequential damages to property injured but not taken.

In response to the question, "Has the rental value of the property been injured?" the witness Tomlin answered, "I do not know; I should say I think so." On motion of the defendant this answed was excluded. We incline to the opinion that this ruling was error. We take the answer of the witness to mean at least this much: That, while he could not state with the assurance of positive knowledge that the rental value of the property had been impaired, his opinion was that such was the case. Though the probative force of this opinion was affected by the consideration that the manner of its statement showed it not to be positively fixed or deeply rooted in the mind of the witness, yet it was an

7—163

opinion about a matter which was the proper subject of proof by opinion, and should have been submitted to the jury for their consideration of its weight. The witness had qualified himself to give an opinion by testifying to his knowledge of land values in the neighborhood. Evidently the answer was excluded for the reason that the witness had qualified his opinion by stating that he did not know. But in the next breath the witness testified without objection that, to his best judgment, the damage to the market value of the property by reason of the construction of the embankment on the street in front of it was $750 to $1,000. Neither the witness, nor the jury which weighed his testimony, had been given to understand by the ruling of the court that rental value was not to be considered in the determinatiton of market value, but only that the answer of the witness amounted to a denial that he had an opinion on the subject. When the witness thereafter deposed to his opinion of market value, we are free to assume that he took into account every consideration properly affecting such value, and so we reach the conclusion that the error complained of did not so palpably affect the appellant's case as to call for a reversal.

There was no error in sustaining the defendant's objection to this question: "Now, I will ask you to state how much?" The context shows that this question required the witness to say how much the plaintiff had been damaged. The amount of recoverable damages was a question upon which it was for the jury to express an independent conclusion from facts and circumstances in evidence. The difference between the value of the property before and after the injury presented so simple a computation as to seem scarcely different from a statement of the conclusion that the property had been damaged in a given amount and probably the wit-

ness had these factors in mind when answering the question. But it was for the jury to know the elements entering into the expressed opinion. There was no surety that the conclusion called for would have been arrived at on proper considerations.—*Young v. Cureton,* 87 Ala. 727, 6 South. 352; *Hames v. Brownlee,* 63 Ala. 277.

The witness Heineke in the course of his testimony said that "the property was vacant when I was there about a month ago." On defendant's motion this was excluded. The bill of exceptions in its other parts locates the time of the witness' visit to the property at approximately 15 months after the injury complained of. By the most remote and inconclusive inference only could the fact that the property was then vacant be connected with the change of grade in the street, if, indeed, such connection could be established under any circumstances. The court had the right to confine the testimony within legal bounds ex mero, and, besides, a timely motion will be presumed to save error; nothing to the contrary being affirmatively shown. Similar considerations dispose of that assignment which predicates error of the ruling of the trial court in excluding the answer of the same witness to the effect that the house, as it stood at the time of the trial, could not be rented. There are other exceptions of like nature; but, after what has been said, they do not seem to us to require separate treatment. We have found no error in them.

Much of appellant's argument is addressed to the proposition that the court erred in overruling plaintiff's motion for a new trial. There was conflict in the evidence as to whether plaintiff's property had suffered any damage—more serious conflict that appellant's counsel seemed disposed to concede. Moreover the jury

viewed the property, and were thus placed in a position to form a judgment of unquestionable weight and value from their own observation. Each juror thus became a witness to sustain the finding of the jury. It would serve no purpose to discuss the testimony. Nor can we consider the affidavits submitted to sustain the motion. In one of them affiant Bragan undertakes to state considerations which influenced the jury, but for which he assumes to state, the verdict would have been different. Apart from the fact that this affiant fails to disclose the source of his information, whether legitimate or illegitimate, the conclusions sought to be drawn can be nothing more weighty than mere speculation. Nor, again, can more importance be attached to those affidavits of witnesses, who, after having expressed their opinions at the trial, subsequently, upon the hearing of a motion for a new trial, sought to convict the jury of error by statements to the effect that in making up their opinions as to the value of the property before and after the improvement of the street, expressed at the trial, they had taken into consideration any supposed benefits which might have accrued to the plaintiff on account of the improvement. This was in no sense newly discovered evidence. It is true that the trial judge at that stage of the trial, when those opinions were given in evidence, had ruled that benefits conferred by the improvement were not to be taken into account; but parties were fully advised of the change of judicial opinion, and were given ample opportunity to re-examine the question at issue in the light of the latter ruling. Of that opportunity plaintiff failed to avail himself, going so far as to expressly waive the exception theretofore reserved. In the end the law was correctly stated to the jury. Apart from the testimony of those witnesses whose testimony was amplified on the motion for a new trial,

-there was evidence abundantly sustaining the verdict. The finding cannot now be disturbed on a mere surmise that a part of the evidence was misunderstood. The plaintiff must abide the result.—*Cobb v. Malone*, 92 Ala. 630, 9 South. 738; *White v. Blair*, 95 Ala. 147, 10 South. 257.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.