157 So. 680

## HUBBARD v. THRASHER.

### 7 Div. 47.

Court of Appeals of Alabama.

Nov. 20, 1934.

L. B. Rainey and Walter M. Thompson, both of Gadsden, for appellant.

McCord & McCord, of Gadsden, for appellee.

**BRICKEN, Presiding Judge.**

This appeal involves a suit brought by appellee as administratrix of the estate of William Robert Thrasher, deceased, against appellant and Ed Parker, in the circuit court of Etowah county.

The action was brought to recover the sum of $20,000 as damages under our homicide statute (Code 1923, § 5696) for the negligent killing of plaintiff's intestate, William Robert Thrasher.

It is averred in the complaint that Thrasher, the deceased, on or about the 2d day of November, 1932, was walking along the Attalla-Boaz public highway in Etowah county, at or near Moragne's Junction, and that at said time and place the defendant Hubbard was operating his automobile, and that the said Ed Parker, the other defendant, was also at said time and place operating his automobile, and that the said defendants so negligently managed, operated, or controlled their said motor vehicles as that the same ran violently into the plaintiff's intestate and seriously injured and damaged him, and as a result of said injuries he died on, to wit, the 4th day of November, 1932. The complaint further avers that the death of the said Thrasher was proximately caused by the combined negligence of the defendants while so operating their motor vehicles as is stated.

The facts as shown by the record are that the deceased, William Robert Thrasher, was traveling in a public highway in Etowah county, Ala., driving or leading a cow, which was roped. The deceased was traveling southward toward Attalla. The defendant Ed Parker was driving a model T Ford automobile along this highway going in a northerly direction toward Boaz. The defendant T. C. Hubbard was driving a Chevrolet Six automobile along said highway in a southerly direction going toward Attalla. No one other than the occupants of these two automobiles saw Mr. Thrasher when he was struck by one or the other or both of said automobiles. Just preceding the injury, Mr. Thrasher is said by the witness J. L. Osborn to have been "on the left hand side of the road going towards Attalla" driving a cow, and that while so traveling he passed out of sight of the witness, and that Mr. Thrasher was next heard crying out as if he was hurt, and that witness then proceeded to the scene of the injury, where he found Mr. Thrasher lying on the left-hand side of the road going toward Attalla with his left leg broken, the foot hanging down, and the bone sticking out. As the witness was going to the scene of the injury he saw the Ford car shown by the evidence to have been under the management and control of the defendant Ed Parker going northward toward Boaz, and when he reached the scene of the injury he saw the Chevrolet Six, which was in the custody and under the control of the defendant T. C. Hubbard. The proof shows that in the Ford car with the defendant Ed Parker were two lit-

tle boys, Lawrence Early` and Joe Parker, who occupied the back seat of the Ford.

Ed Parker, one of the defendants, testified that when he "first noticed the man with the cow just before witness got to Will's Creek Bridge and he was driving the cow walking behind her, the cow was running, tied with a rope, the man was on the right side of the road coming to Attalla." The witness further testified that he passed the deceased without striking him or the cow, and that after he went by the deceased he met a car driving pretty fast and about twenty minutes afterwards heard about the deceased being struck, and that his attention was called to this fact by the boys in the back of the Ford; that the witness returned to the scene of the accident and saw the deceased sitting in the road, and that a truck from Attalla was there, also several ladies and two or three men, and that these people were then preparing to pick the injured man up; that he then turned around and went to a Mr. Brown's where the witness had started. On cross examination, the witness testified that he did not hit the man and did not know who did hit him, that the witness saw Mr. Thrasher when he was two or three hundred yards from him and that he kept his eyes on the man and the cow all the time, and that the cow and the man passed him on the right of the road coming to Attalla.

Lawrence Early, a little boy 7 years old who was sitting on the back seat of the Ford car, testified that he saw Mr. Thrasher when he was struck, and that he was struck by a man who passed by the witness in a Chevrolet car, and that there was just one man in this car.

Joe Parker, the other little boy on the back seat of the Ford, also testified that he saw Mr. Thrasher when he was struck, and that the man who ran over him went a little ways down the road and turned around and came back and stopped. This witness testified that Mr. Thrasher tried to get out of the way and the cow would not come, and that the cow was running a little bit and the man holding on the rope; that she was running across the street and the automobile hit the cow and the man holding the rope got run over; that, when the automobile hit the cow, it jerked the man down and he fell toward the automobile that was coming.

According to the testimony of these three eyewitnesses, the Ford car had nothing whatever to do with the injury of Mr. Thrasher. According to their testimony, the Ford had passed Mr. Thrasher and gotten some dis-

tance away when he was struck down by the Chevrolet, which was then being driven by the defendant T. C. Hubbard.

Mr. T. C. Hubbard testified that he "met a T Model Ford car which was running beyond the center of the road over on witness' side of same, and witness had to run almost out of the road to get by it, and just the minute the Ford passed which was running something like twenty or twenty-five miles an hour, witness shot his car back into the road behind the Ford and there lay a man in the road and he had hold of a rope to a cow, witness then shot his car to the left into the bank and missed the man and when he wheeled his car to the right he hit the cow on the front left leg, witness then stopped his car and came back to the man and waited a minute and saw some trucks coming and then got back into his car and went out there and turned his car around and came back and asked one of the fellows who came up about that time to help him put the man in the car and witness carried him on to the hospital, witness was driving between thirty-five and forty miles an hour."

On cross-examination, Mr. Hubbard testified that, when he met the Ford, he (Hubbard) was driving on the extreme right of the road, and that the Ford came near pushing the witness off of the road, and that he had to get off of the asphalt of the road because of the manner in which the Ford was being driven, and that he did not see Mr. Thrasher and the cow until after he passed the Ford car, and then he saw Mr. Thrasher lying in the highway. Such were the conflicting statements of the two defendants.

The case was submitted to the jury under the court's oral charge, and after a consideration thereof the jury returned a verdict into court finding the issue in favor of the defendant Ed Parker and in favor of the plaintiff and against the defendant T. C. Hubbard, fixing the plaintiff's damages at $750, for which a judgment was pronounced by the trial court, and from this judgment the defendant T. C. Hubbard prosecutes this appeal.

■■ The laws of this state require persons operating automobiles along our public highways to use due care in driving and with precautionary regard to attendant conditions and surrounding circumstances. Persons driving southward along a public highway should keep to the west side of the highway, and likewise those driving northward should keep to the east side thereof. If Mr. Parker was traveling northward along a public high-

way in Etowah county, and if he was then using the west side of said highway, as Mr. Hubbard's testimony tended to show he was doing, then, under conditions that there existed, Mr. Parker was driving negligently. If at the time and place Mr. Hubbard was driving southward along this highway at too high a rate of speed, having due regard for travelers in the highway whose presence was concealed from him by the Ford car being in the position it then occupied and who would likely be endangered by the rate of speed at which he was driving, although occupying his proper position in the highway, then Mr. Hubbard was negligently driving his automobile. If deceased (Thrasher) was then concealed from the view of Mr. Hubbard because of the negligence of Mr. Parker in the operation of the Ford car, and if Mr. Hubbard under these conditions passed the Ford car at such rate of speed as to endanger the lives or safety of such persons whose presence in the highway was then concealed from Mr. Hubbard by the negligent operation of the Ford car, then there was combined negligence on the part of each of the drivers of said automobiles which proximately caused the injury that produced the death complained of. Under the evidence in this case the issue of the combined negligence of each or both of the defendants was properly submitted to the jury under the averments of the complaint.

It is a well-settled rule in this state that in actions ex delicto, as a general rule, where two or more defendants are jointly sued, a recovery may be had as to all, or any number less than all, according to the proof. An exception to this general rule is to be noted in instances where the action grows out of negligence in the performance of, or the failure to perform, a duty arising out of a contract. In such cases the averments of the contract must be proven as charged, or else there is a fatal variance between the allegation and the proof. Hackney et al. v. Perry, 152 Ala. 626, 44 So. 1029; Lord et al. v. Calhoun, 162 Ala. 445, 50 So. 402. No such distinction, however, pertains to joint tort-feasors who are jointly sued for the negligent performance of a duty, imposed upon them by law, in the operation of automobiles along the public highway of the state. In such cases, "injury arising from the concurring negligence of joint tort-feasors, whether acting together or independently, may be redressed by joint or several actions." Steenhuis v. Holland, 217 Ala. 105, 115 So. 2, 3; Chambers v. Cox, 222 Ala. 1, 130 So. 416.

All assignments of error are based upon the refusal of the trial court to give four written charges, the refusal of each of which is made the basis of a separate assignment of error.

We have carefully examined each assignment of error, and, for the reasons hereinabove stated, we find no merit in any error complained of; hence the judgment of the lower court will stand affirmed.

Affirmed.