23 So.2d 7

## JEFFERSON LUMBER CO. v. BERRY.

### 6 Div. 293.

Supreme Court of Alabama.

July 26, 1945.

J. T. Johnson, of Oneonta, for appellant.

M. F. Lusk, of Guntersville, for appellee.

LIVINGSTON, Justice.

The case went to the jury on count one of the complaint, which states a cause of action for negligence resulting in injury. It is not an action of trespass. In substance, count one charges that defendant's agents or employees, while acting in the line and scope of their employment, negligently set fire to a tree on, adjacent to, or near plaintiff's land, and negligently allowed said fire to spread to plaintiff's lands destroying his timber, and the forest mold beneath said timber, impairing the fertility of the soil and making it subject to erosion.

Defendant in the court below (appellant here) interposed two pleas: (1) "The de-

fendant avers that the defendant is not guilty of the matters and things therein averred." (2) "That the plaintiff is not the owner of the land described in said count, and was not the owner thereof at the time of bringing the suit in this case." Demurrers to pleas 1 and 2 were overruled. The jury returned a verdict for the plaintiff in the sum of $517.50, and defendant appealed.

The evidence showed the following: The defendant at the time complained of was operating a sawmill in the community in which plaintiff's land was located. The season was very dry, and the grass, leaves, brush and woods were very dry. Some of defendant's employees were engaged in cutting logs in the woods, while others were engaged in operating the sawmill manufacturing the logs into lumber. At about nine o'clock in the morning of August 25, 1943, defendant's foreman, one R. D. Frazier, and other employees of defendant, felled a large tree which hit the ground about three feet from a nest of bumble-bees. One of defendant's employees was stung by the bees which swarmed out of the nest in such numbers as to interfere with the work of sawing the tree into logs. Defendant's foreman, Frazier, sprinkled fuel oil, or as described by some witnesses motor oil, on the grass, straw and leaves around or near the bees' nest and set fire to it. The fire grew to considerable size and spread along and around the top of the felled tree, some thirty-five to fifty feet from the bees' nest. Frazier and other employees of defendant beat with pine tops and stamped the fire to put it out. They also cleaned a space of approximately twelve feet in diameter around the bees' nest of all inflammable material, but this was done after the fire was kindled. They did not clean around the tree top. Frazier left the place of the fire about ten-thirty A. M. and went back to the sawmill, instructing other employees to watch the fire and to see that it was out before they left the woods. All of the employees left the woods about twelve o'clock noon, and went to the sawmill for lunch. They informed Frazier that the fire was out. They testified that they saw no further fire or sign of fire up to the time they left the woods for lunch. When they returned to the woods from lunch a forest fire was burning on approximately a hundred and fifty yard front, just north of the bees' nest. There was no unburned area between the bees' nest and the fire

found burning after the lunch hour. Plaintiff's land was located about one-half mile distant from the bees' nest. On the day of the fire defendant's employees at the mill and in the woods numbered seventeen. Seven men worked at the mill in the afternoon and the others fought the fire until about five o'clock in the afternoon. Mr. Frazier, the foreman, helped fight the fire for a while in the afternoon, but returned to the mill and went home about five o'clock P.M. The fire spread to the lands of plaintiff and caused the damages sued for.

■ Appellant's assignment of error numbered one is based on the action of the trial court in overruling appellant's objection to the introduction in evidence of a copy of the record of a deed, certified to by the Probate Judge of Blount County as being a correct copy, conveying to appellee and his wife, Opal Berry, the lands here involved. The specific objection being that the absence of the original deed had not been sufficiently accounted for. There is no merit in the assignment. Under section 28, Title 47, Code of 1940, recorded deeds and copies of the record thereof, certified as being correct by the judge of probate of the county in which the deed is recorded, have the same force and effect, and the certified copy is admissible without accounting for the original deed.

Assignments of error numbered 2 to 14, inclusive, and assignments 24, 25 and 27, are grouped and argued together in brief. Where some of the unrelated assignments argued together in brief are without merit, the others will not be considered. Gilliland v. Dobbs, 234 Ala. 364, 174 So. 784. Some of these exceptions are without merit, for instance, assignment numbered 14 is based on the trial court's refusal to exclude the certified copy of the deed above referred to. For the reasons stated, the evidence is admissible and the trial court did not err in not excluding it.

■ Written charges 8, 9 and 10, made the bases of assignments 28, 29 and 30 are not subject to the criticism directed at them. Conceding, without deciding, that count one states two causes of action, no objection is made for misjoinder: suing for two torts, and proving only one, affects only the extent of the recovery. Alabama Great Southern R. Co. v. Heddleston, 82 Ala. 218, 3 So. 53. In the in-

stant case, it is not material which tort was sustained by the proof.

Appellant's assignment numbered 17 is predicated on the following excerpt from the court's oral charge, "So when people set fire out in the woods or anywhere on their place or on the place they have under their control, they are compelled at their peril to keep it there; that is a duty that the law enjoins on them." Other portions of the court's oral charge limit the peril under which appellant was compelled to keep the fire on the premises under its control to the negligence alleged in the complaint, on which appellant had taken issue. Edwards v. Massingill, 3 Ala.App. 406, 57 So. 400. The case should not be reversed on the oral instruction given, and to which exception was reserved. At most, it was merely subject to explanation, if the appellant had so requested in writing. Pollard v. Rogers, 234 Ala. 92, 173 So. 881.

In arguing assignment of error 25, appellant insists that the proper measure of damages in this case is the difference in the value of the land before and after the fire. In the case of Atlanta & Birmingham A. L. Ry. Co. v. Brown, 158 Ala. 607, 614, 48 So. 73, 75, this Court said:

"It is true that the general rule is recognized in this state that, in an action for trespass to the land itself, the difference between the value of the land before and after the trespass is the measure of the damage. Brinkmeyer, et al. v. Bethea, 139 Ala. 376, 35 So. 996. This is not an action of trespass, but an action for negligence resulting in injury. The true rule is said to be that 'if the thing destroyed, although it is part of the realty, has a value which can be accurately measured and ascertained, without reference to the soil in which it stands, or out of which it grows, the recovery must be for the value of the thing thus destroyed, not the difference in the value of the land before and after such destruction.' Whitbeck v. N.Y.Cent. R. R. Co., 36 Barb., N.Y., 644-647. This rule is applied to crops, grass, fruit trees, etc. Byrne v. Minneapolis, etc. Railway, 38 Minn. 212, 36 N.W. 339, 8 Am.St.Rep. 668; Railway v. Horne, 69 Tex. 644, 649, 9 S.W. 440; Galveston H. & S. A. R. v. Rheiner et al., Tex.Civ.App., 25 S.W. [971], 972; Berard et al. v. Atchison, etc. R. [79 Neb. 830], 113 N.W. 537; Gresham v. Taylor, 51 Ala. 505. Our own court has said: 'If the trespass consisted of a severance of a part of the freehold from the rest, for instance, growing timber or minerals, the value of the thing severed, while it constituted a part of the freehold at the time of severance, and not as a chattel after severance, may be regarded as a proper measure of recovery' (Warrior, etc., Co. v. Mabel Mining Co., 112 Ala. [624], 626, 20 So. 918); and again, in a case where damages were claimed for a continuing trespass, that 'the difference in the value' before and after the trespass 'is an improper measurement of damages,' although it might be competent evidence, to be considered by the jury in connection with the other evidence (Abercrombie & Williams v. Windham, 127 Ala. [179], 180, 182, 28 So. 387). Where there is damage to the land, and also destruction of property attached to the land capable of ascertainment as to its value, recovery may be had for both. Receivers, etc. v. Pfluger, Tex.Civ.App., 25 S.W. 792; Ft.Worth, etc. R. v. Wallace, 74 Tex. 581, 12 S.W. 227."

See, also, Foust v. Kinney, 202 Ala. 392, 80 So. 474.

Here the value of the trees destroyed was capable of ascertainment without reference to the soil in which they grew. The damage to the soil itself was also ascertainable, and the appellee was entitled to recover for both.

Without dispute, the evidence shows that S. G. Berry, the appellee, was a tenant in common of the property involved, owning a one-half undivided interest therein: his wife Opal Berry owned the other undivided half interest. The court properly instructed the jury that appellee could not recover the damage done to the wife's interest. Appellee could sue for and recover his proportionate share of the damages suffered. Lowery v. Rowland, et al., 104 Ala. 420, 16 So. 88; Birmingham R. L. & P. Co. v. Oden, 146 Ala. 495, 41 So. 129.

The trial court did not err in refusing the general charge requested by appellant, nor in its refusal to grant a new trial. After a careful examination of the record, we are unable to say that the verdict of the jury and the judgment rendered thereon is excessive.

The cause is due to be and is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.