265 So.2d 871

J. Lloyd ABBOT

v.

Bob BRASWELL.

1 Div. 674.

Supreme Court of Alabama.

Aug. 3, 1972.

Pillans, Reams, Tappan, Wood & Roberts, Mobile, for appellant.

Johnston, Johnston & Kendall, Mobile, for appellee.

MADDOX, Justice.

Bob Braswell, plaintiff, brought an action for damages against defendant J. Lloyd Abbot and Flaco Corporation as a result of mud and water washing onto his property in Mobile County. Flaco was given the affirmative charge and the case went to the jury against Abbot on counts 4–A and 5–B, as amended. The jury returned a verdict in favor of the plaintiff for $12,500. Abbot appeals from the judgment entered pursuant to the jury verdict and the judgment of the trial court overruling his motion for a new trial.

Braswell owned an interest in land lying east of a public way in Mobile County known as Braswell Lane or Atwell Road. Abbot owned land to the west of the roadway, which, until 1963, was used as a pasture. Braswell's land was used as a horse pasture and riding stable. A portion had been subdivided, and some eight houses had been constructed thereon.

In 1963, Abbot entered into the first of four contracts with Flaco, which granted Flaco the right to remove dirt from designated areas at a rate of 10 cents per yard.[1] Flaco began to remove dirt in 1963 and continued to remove it through 1966. The dirt was being used in the construction of the interstate highway projects located near the property.

Abbot contended in the trial court and here that Flaco violated its agreement by excavating below the contours agreed upon, and failed to refill areas on the property, as agreed. At one place on Abbot's property there was a large hole dug which Braswell estimated would hold 100 million gallons of water. In the summer of 1966 Flaco dug a ditch from this lake to Braswell Lane and released this trapped water. The water rushed into Braswell Lane and across it onto the property of Braswell and other persons living in the neighborhood. The release of the water discharged silt and dirt onto the property of Braswell and others.

Braswell claimed, and the jury could have found, that there had been little or no trouble with dirt, mud or silt washing across Braswell Lane prior to the excavation work and the digging of the ditch, but that there was a continual problem after that and dirt, mud and silt would wash on Braswell's property from the Abbot property every time there was a hard rain.

Abbot said he told Braswell and other property owners that he had tried to get Flaco to restore his property to the contours he claimed were agreed upon, but that Flaco had refused. Abbot claimed he could not correct the situation because Flaco had the right of possession until January, 1969.

Abbot assigns numerous errors, some of which Braswell claims are not sufficiently argued in brief. Braswell has filed a motion to affirm on the ground that Abbot, as appellant, has failed to comply with Rule 9, Supreme Court Rules, in that the assignments of error are not sufficiently argued in brief.

The case was submitted to the jury on counts 4–A and 5–B.

Count 4–A charged that Abbot owned the land, that he entered into agreements to sell dirt to Flaco, that Flaco excavated dirt and because of the excavation and changing of contour lines, a nuisance was created and "the defendants knew that said diversion of surface waters constituted a nuisance, and a demand has been made upon defendants to abate or remove said nuisance; and defendants have jointly wrongfully maintained said nuisance."

Count 5–B charged that the nuisance was created by Abbot's agent, Flaco.

1. These indentures conveyed to Flaco parcels of real property by horizontal and vertical boundaries and authorized Flaco to remove the property so conveyed.

Abbot claims that the court erred in overruling his demurrer to count 4–A of the complaint, as amended. The gravamen of count 4–A was the maintenance of a nuisance after a demand had been made to Abbot to abate it. Appellant's sole argument, in brief, is as follows:

"The Court erred in overruling Appellant's demurrer to count 4–A of the complaint because the complaint shows on its face that Abbot did not create the nuisance, but instead that the Defendant Flaco, by the excavation of dirt and changing the contour levels, created the nuisance. The allegation that the Defendants have jointly wrongfully maintained said nuisance is but a conclusion of the pleader and a demurrer addressed to this point should have been sustained, both as to Counts 1–A and 4–A."

We think the argument is without merit. The complaint in Southern Ry. Co. v. Lewis, 165 Ala. 555, 51 So. 746 (1910) is similar to the complaint in this case. Title 7, § 212, Code of Alabama 1940, provides:

"All pleadings must be as brief as is consistent with perspicuity, and the presentation of the facts, or matter to be put in issue, in an intelligible form; no objection can be allowed for defect of form, if facts are so presented that a material issue in law or fact can be taken by the adverse party thereon."

■ Count 4–A was not defective. See Adler & Co. v. Pruitt, 169 Ala. 213, 53 So. 315 (1910).

Assignment of Error 7 is as follows:

"7. The court erred in refusing to give at the request of the appellant before the jury retired the following written charges: . . . (Then under this single assignment appellant lists 14 separate written charges which were refused.)"

Included in this general assignment was the following:

"7(b). Defendant J. Lloyd Abbot's charge No. 5. I charge you, members of the jury, that if you believe the evidence in this case, you cannot return a verdict for the plaintiff against the defendant Abbot under count 5–B of the complaint."

■ This assignment of error is much too general and we refuse to consider it on this ground. Supreme Court Rule 1; Southern Ry. Co. v. Nowlin, 156 Ala. 222, 47 So. 180 (1908).

■ Besides being too general, Assignment of Error 7 embraced fourteen separate rulings of the trial court. In such instances, this court has said many times that an assignment of error, which embraces more than one ruling, must, to be sustainable, be good as to all. 2A Ala.Dig., Appeal and Error, ☜736. In this case, the assignment was not good as to all the rulings.

Furthermore, appellant's argument in brief in support of Assignment of Error 7(b) is less than one page in length. Without citing any authority, appellant contends that he was entitled to have the affirmative charge given on Count 5–B since Flaco was eliminated from the case on the ground that the statute of limitation of one year had run against Flaco, the alleged agent of the appellant, and consequently, the statute had also run against the appellant. Whether the trial court was correct in giving the affirmative charge in favor of Flaco as to Count 5–B is not before us. Appellee filed no cross-appeal.

The writer of this opinion recognized that there was substantial noncompliance with the Rules of Practice, but nevertheless researched the point raised by Assignment of Error 7(b) and proposed that the Court express an opinion on the merits. The writer was unable to secure unanimous agreement of the Justices on the division to write to the merits of Assignment of Error 7(b).

Personally, the writer does not like to decide appeals by applying a strict construction to this Court's Rules of Practice.

The writer thinks that procedural rules, in both trial and appellate courts, should be designed to insure the speedy, inexpensive, efficient and just determination of every controversy. The writer thinks that most, if not all, the Justices of this Court feel the same way. However, until the Rules of Practice of this Court are changed, each party is entitled to the benefit of the Rules, as interpreted by decisions of this Court. When opposing parties insist upon substantial compliance with the Rules, as was the case here, the writer does not think that it would be fair not to enforce substantial compliance. But appellee raised the point that appellant had failed to comply substantially with the Rules of Practice by filing a motion to affirm. Appellee stated in brief filed in support of his motion to affirm:

"Appellee takes no pleasure in filing this motion. However, in view of the extent to which Appellee's position in preparing a reply brief was prejudiced by the failure of Appellant to make any substantial compliance with this court's rules with regard to argument, Appellee has no choice. The situation was aptly described by this Court in Ogburn-Griffin Gro. Co. v. Orient Ins. Co., 188 Ala. 218, 66 So. 434:

"We are not at all disposed to a strict construction of such rules, but are rather inclined to construe them liberally in favor of litigants who show substantial compliance with their terms. But we cannot permit them to be ignored or entirely disregarded, however innocently, for they were framed and adopted to facilitate business and be an aid to the court in its prompt and orderly disposition, a result in which the profession and those whom it represents are greatly interested. If the rule is to be enforced at all, and even as construed most liberally, we are of the opinion that in this case we should consider the remaining assignments of error as waived, for the reasons above assigned.' [Citations omitted]"

Had we reached the merits here, the writer thinks the result would have been the same.

■■ As the writer reads Count 5–B, the gravamen of the claim is the *continuance* of the nuisance. Admittedly, the nuisance was allegedly created more than one year next preceding the filing of the complaint, but damages were sought for the period of one year next preceding the filing of the bill of complaint. Even though Abbot may not have created the condition which caused the nuisance, or even if he created it through an agent (here alleged to be Flaco), he, nevertheless, could be liable. One who actively continues a nuisance is as much answerable therefor as he who first created it. 66 C.J.S. Nuisances § 85, p. 839. Therefore, the evidence that Abbot failed to abate the nuisance after notice was sufficient for the jury to find him to be liable for all damages accruing for one year next before the filing of the bill of complaint. The writer believes this rule is supported by this Court's cases of Sloss-Sheffield Steel & Iron Co. v. Nance, 216 Ala. 237, 113 So. 50 (1927) and Southern Railway Co. v. Lewis, 165 Ala. 555, 51 So. 746 (1910).

Therefore, even had we reached the merits of appellant's claim raised by Assignment of Error 7(b), the writer thinks that his claim was not sustainable.

. [6] Appellant, by Assignment of Error 3, claims the trial court erred in overruling his demurrer to Count 5–B of the complaint, as amended. There is no ruling of the court on the page of the transcript specified by the appellant in his assignment of error. Nothing is presented for our review. McCullar v. Conner, 287 Ala. 455, 252 So.2d 422 (1971); Henry v. Jackson, 279 Ala. 225, 184 So.2d 133 (1966).

■ Appellant further claims the trial court erred in admitting into evidence several photographs, some taken at a time prior to one year next preceding the filing of the complaint and some taken after the fil-

ing of the complaint. The trial court very carefully instructed the jury that the pictures were not to be considered on the question of damages but were allowed to show the general condition of the land in question. In Stein v. Burden, 24 Ala. 130 (1854), this Court said:

"In relation to the evidence showing the effect of the diversion of the water, upon the mill of the plaintiff, we do not think the court erred. We concede that, in this action, no recovery could be had for damages which had accrued subsequent to the commencement of the action, as those damages would properly form the ground of a new action, and, therefore, could only be recovered in that mode—Robinson v. Bland, 2 Burr. 1077, 1086; Langford v. Owsley, 2 Bibb 215 (4 Am.Dec. 699); Hoop. 286; Blunt v. McCormick, 3 Denio 283. But we do not find from the record that this evidence was offered for the purpose of showing the damages since the bringing of the action, but simply the effect at that time of the diversion of the water, with the view of affording information to the jury of the consequences of the diversion, under similar circumstances, before the suit; and in this aspect it was properly admissible."

In any event, we fail to see that the appellant has shown any injury as a result of the court's rulings. Appellant's argument on the excessiveness of the verdict is but a single paragraph and merely restates the assignment of error. This is insufficient to cause our consideration. Fountain v. Vredenburgh Saw Mill. Co., 279 Ala. 68, 181 So.2d 508 (1966).

■ Appellant contends that the trial court should have instructed the jury that punitive damages could not be awarded. We disagree. In Dekle v. Vann, 284 Ala. 142, 223 So.2d 30 (1969), a case seeking damages for the construction of a wall obstructing the flow of surface waters, this Court held that punitive damages may be awarded where the act is wanton, mali-

cious or attended with circumstances of aggravation. There was evidence that Braswell attempted to get Abbot to correct the situation, but that Abbot always contended he was not responsible, but that Flaco was. The evidence is to the effect that Abbot did nothing to remove or alleviate the nuisance on his property. Whether the acts of Abbot were wanton, malicious or attended with circumstances of aggravation was a jury question. This rule of law has been often stated in actions alleging willful or wanton injuries. See 3 Ala.Dig., Automobiles, ⚍245(5).

■ Appellant also contends that Braswell could not maintain the action alone. Appellant says that where property is owned by joint tenants, as it was here, one of them alone cannot maintain an action for damages to the property as distinguished from damage suffered individually by the one tenant in common who attempts to bring the action. We find no merit in appellant's contention.

In Birmingham Ry., Light & Power Co. v. Oden, 146 Ala. 495, 41 So. 129 (1906), the plaintiff claimed damages caused by the construction of a railroad embankment along the street adjacent to his lot. Less than all tenants in common sued. This Court said:

"The rule for the admeasurement of damages applicable to the case, if the plaintiffs are entitled to recover, is the difference between the market value of the lot before and after the construction of the embankment—the diminution in value produced thereby. City Council of Montgomery v. Townsend, 80 Ala. 491, 2 South. 155, 60 Am.Rep. 112; City Council of Montgomery v. Maddox, 89 Ala. 181, 7 South. 433; Mayor and Aldermen of Huntsville v. Ewing, 116 Ala. 576, 22 South. 984. The plaintiffs were tenants in common of the property. There were originally seven of them. After the evidence was closed the complaint was amended by striking out two of the plaintiffs. The measure of the recovery

by the five would be five-sevenths of the total damage, ascertained according to the rule above stated. Lowery v. Rowland, 104 Ala. 420, 16 South. 88."

See also, Jefferson Lumber Co. v. Berry, 247 Ala. 164, 23 So.2d 7 (1945); Prouty v. Ala. Great So. Ry. Co., 174 Ala. 404, 56 So. 980 (1911).

Appellant argues that since the complaint, especially count 4–A thereof, alleged that Flaco and Abbot *jointly* maintained the nuisance it was necessary that Braswell recover against both. Such is not the law. In Liberty National Life Ins. Co. v. Weldon, 267 Ala. 171, 100 So.2d 696 (1958), this Court said:

"* * * Where the plaintiff has sued the defendants jointly, there being no question of respondeat superior, 'a recovery may be had as to all, or any number less than all, according to the proof.' Hubbard v. Thrasher, 26 Ala.App. 252, 157 So. 680, 682; Southern Ry. Co. v. Arnold, 162 Ala. 570, 50 So. 293; Title 7, § 139, Code, 1940."

Count 4–A, as we read it, does not claim Abbot is liable under the doctrine of respondeat superior. We have considered the argument on each assignment of error which we think minimally complies with this Court's Rules of Practice and find no merit in either. The argument on several is totally insufficient.

Having determined that no reversible error is shown by the argued assignments of error, the judgment is due to be affirmed.

Affirmed.

MERRILL and HARWOOD, JJ., concur.

COLEMAN, J., concurs in result.

HEFLIN, Chief Justice (concurring specially).

I concur in the views expressed by the writer as well as in the opinion itself.