# Morrisette, Executor *v.* Wood.

*Action by Physician for Medical Services Rendered.*

1. *Bill of particulars; office of.*—The office of a bill of particulars is to amplify the pleadings and more minutely specify the claim or defense set up, so as to prevent surprise at the trial.

2. *Same; right to bill; form of action.*—When an account is the foundation of a suit it is immaterial what the form of action may be, the defendant is entitled upon proper demand to a list of the items composing it, under the statute, (Code, § 3290).

3. *Action by physician for medical services; account; assumpsit.* The word "account" as used in the statute (Code, § 3290), entitling the defendant upon proper notice to a list of the items composing an account when it is the foundation of a suit, applies to an action of assumpsit brought by a physician to recover for medical services rendered in the absence of a special contract.

4. *Same; effect of a bill of particulars.*—When a demand for a bill of particulars has been properly made, and the same fur-

[Morrisette, Executor, v. Wood.]

hished, the effect is to confine the proof to the items thus furnished.

5. *Same; same; charge of court.*—In an action brought by a physician to recover for work and labor done at the request of defendant's testator a bill of particulars having been furnished in compliance with a demand therefor, it is error to charge that the jury are not confined to proof of the items shown by such bill.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. J. C. RICHARDSON.

This was an action brought by appellee against appellant to recover for medical services rendered the latter's testator. The complaint originally contained three counts, the second being stricken out by amendment. The first count claims for medical services rendered the defendant's testator during his last illness, and the third for work and labor done at the request of defendant's testator. Before the trial defendant demanded a list of the items composing the account. This list was furnished, and contained a statement of the dates and number of visits, and the charge for the same. Upon the trial the plaintiff proved by several witnesses that at various times defendant's testator had consulted with plaintiff, and had prescriptions filled which had been prepared by the plaintiff, but the dates could not be identified by the witnesses. The witnesses were only able to state that defendant's testator called to see plaintiff many times during the year of 1895, between spring and November, but could not testify to the correctness of any items of the bill of particulars. Plaintiff then offered to prove the value of his services by asking a hypothetical question, based upon the assumption that plaintiff had treated defendant's testator from March 30th to November, 1895, during which time defendant's testator called at plaintiff's office frequently for advice and prescriptions, as often as twelve times in each month. Defendant objected to this question, but the objection was overruled, and defendant excepted.

In its oral charge the court instructed the jury that they were not limited under the third count to proof of the items shown upon the bill of particulars, but could

not find for more than the sum shown by the same. To this charge defendant excepted.

There were other facts in the record, but a statement of them is unnecessary in view of the opinion. There were verdict and judgment for plaintiff, and defendant appeals, assigning as error the rulings of the court on the admission of testimony, and its oral charge to the jury.

E. P. MORRISETTE, for appellant.—(1.) An action of assumpsit on the common counts for services rendered, work and labor done, etc., is an action on account.—72 Ala. 254; 3 Pl. & Pr. 545; 13 La. Ann. 110; also 1 Ala. 62; 18 Ala. 359.   (2.)   The effect of a bill of particulars is to amplify the pleadings and confine the proof to the matters set forth in it.—17 Wend. 22; 3 Pl. & Pr. 541; 3 Pick. 446; 4 Dana 219; also 31 Fla. 68; 17 Fla. 457.

LOMAX, CRUM & WEIL and WILEY & WILEY, contra. The bill of particulars required by the statute only applies when there is a count on an account.—Robinson v. Allison, 36 Ala. 525; Pryor v. Johnson, 32 Ala. 27; Fountain v. Ware, 56 Ala. 558; Doss v. Peterson, 82 Ala. 253.

DOWDELL, J.—1. Section 3290 of the Code provides that at any time previous to the trial, upon notice to the attorney of the party, the defendant may have inspection of the bond or other instrument sued on; "or when an account is the foundation of the suit, a list of the items composing it."

The word account has no clearly defined legal meaning.   Ordinarily it is a detailed statement of mutual demands (if they exist) in the nature of debit and credit between the parties, arising out of contract or some fidiciary relation, showing a balance by comparison between receipts and payments, but the balance is not itself an account; or, an account may be a statement of debits by one person to another without credits, especially when there are no mutual demands.—1 Am. &

Eng. Ency. Law (2d ed.) 434. The term account, includes goods sold and delivered, or consigned to be sold, money had and received, and work done and materials furnished."—3 Ency. Pl. & Pr., 525.

2. The office of a bill of particulars is to amplify the pleading and more minutely specify the claim or defense set up, and to prevent surprise on the trial, by furnishing such information as a reasonable man would require respecting the matters against which he is called to defend.—3 Ency. Pl. & Pr., 519; and authorities cited, and cases referred to in note to section 3290 of Code. It is immaterial what the character of the action may be, whether for goods and merchandise sold and delivered, for money had and received, for work and labor done or materials furnished and the like, if an account is the foundation of the suit, the defendant is entitled to a list of the items composing it.—*Doss v. Peterson*, 82 Ala. 253.

3. The nature of the demand of a physician for medical services rendered, without a special contract therefor, is simply an implied promise to pay what such services are reasonably worth, and the proper action for their recovery is assumpsit,—for such compensation as may be shown by evidence, that the physician rendering the services ought to receive. This demand, in the absence of a special contract as to what shall be paid, is as open account. In an action for its recovery, it is difficult to escape the conclusion that an account is not the foundation of the suit. Such a demand is subject to the bar of the statute of limitations of three years as provided by the statute against open or unliquidated accounts.—*Gale v. Johnson*, 72 Ala. 256; *Hood v. League*, 102 Ala. 228. This defense of the bar provided by the statute can be made because the basis or foundation of the claim is an account which has not been stated. We can draw no distinction between the word account as used in the statute of limitations of three years (Code, § 2799), and as employed in the section as to a bill of particulars. It means the same in both sections. That this is its true meaning, is further strengthened by the ordinary and generally accepted meaning of the word.

[Morrisette, Executor, v. Wood.]

One understands the word bill or account, according to ordinary commercial usage, to mean claim or demand growing out of the sale of goods, the performance or services and the like. The contention of plaintiff, therefore, that the counts of the complaint upon which recovery is sought,—the one for medical services rendered defendant's testator during his last illness, and the other, for work and labor done by the plaintiff for defendant's testator, at his request during the year 1895,—are not claims or demands the foundation of which is an account, is untenable.

4. We have stated what the office of a bill of particulars under the statute is,—to amplify the pleadings, and to prevent surprise of the defendant, by furnishing him with a statement of matters against which he is called to defend. The bill when furnished, limits the generality of the pleading, and its effect is, and should be, to limit the proof to the particulars specified therein.—3 Ency. Pl. & Pr., 519.

In Florida, they have a statute which requires, that "all bonds, bills of exchange, covenants and accounts, upon which suit may be brought, or a copy thereof, shall be filed with the declaration." The only difference in substance between their statute and ours as to an account is, that there, the bill is required to be filed with the declaration, and ours, that it must be furnished before the trial, upon the demand of the defendant. In construction of their statute, the Florida court hold that the plaintiff will not be permitted to recover under the common count on any cause of action not included in the bill of particulars filed with the declaration, and where he files a bill of particulars, he will not be allowed in the proof to go beyond them.—*Columbia County v. Branch*, 31 Fla. 62; *Robinson v. Dift*, 17 *Ib.* 457; *Waterman v. Maltair*, 5 *Ib.* 211. To the same effect is *Starkweather v. Kittle*, 17 Wend. 20; *Brown v. Calvert*, 4 Dana (Ky.) 219. In the last case cited, the court said: "Whenever the form of the declaration is so general, as not to apprise the defendant of the nature, character and extent of the claim set up against him, he may demand a bill of particulars. Such a bill

[Gadsden & Atalla Union Railway Co. v. Gadsden Land & Imp. Co.]

is not only proper, by way of limiting the plaintiff in his proof to the specific demands claimed by him, but is essential to enable the plaintiff to prepare for his defense, and to guard him against surprise. The right is not only sanctioned by authority, but by reason and propriety."

The proofs should have been limited to the bill of particulars as to the services rendered and the value of the particular items of service when shown. The court therefore erred in the admission of evidence, in not limiting the proof to the plaintiff's bill of particulars, and in that part of its oral charge to the jury excepted to by the defendant.

Reversed and remanded.