# Stearnes, et al. v. Edmonds.

## Assumpsit.

(Decided November 7, 1914. 66 South. 714.)

1. *Taxation; Collector; Deputy; Bond; Breach.*—Unless the failure to collect the taxes was due to the fault or negligence of the deputy, no breach of his bond is shown because of a failure to collect such taxes, the bond being conditioned upon the faithful discharge of his duties as a deputy tax collector.

2. *Same; Complaint.*—A complaint in an action on the bond of a deputy tax collector which alleges that the deputy failed and refused to pay over large sums of taxes, fees and costs collected, sufficiently charges a breach of the bond, although there is no specification of the particular items, the bond being conditioned for the faithful discharge of his duties.

3. *Same; Breach.*—Where the tax collector consented to a postponement of the collection of certain taxes, he cannot recover upon the bond of his deputy for the non-collection of such taxes on the ground that the deputy had not discharged his proper duties.

4. *Same; Amount of Recovery.*—Where a deputy tax collector failed negligently to collect taxes, the tax collector cannot, in an action on the deputy's bond, recover the amount of taxes not collected, but only the amount he was damaged by the failure of his deputy to collect.

5. *Same.*—Where the tax collector knew of the failure of his deputy to collect taxes due, it was his duty to collect such taxes if they could be collected by him in the exercise of ordinary diligence, and having failed to do so he cannot recover on his deputy's bond.

6. *Same; Bond; Liability.*—Where a deputy tax collector induced the tax collector to postpone the collection of certain taxes, representing that he would pay them himself, such representation of the deputy is individual, and upon his failure to pay the taxes, no recovery can be had upon his bond, although such taxes were never collected.

7. *Same; Evidence.*—Where, by promises as an individual, the deputy tax collector induced the collector to postpone the collection of certain taxes, the bondsmen of the tax collector were not liable.

[Stearnes, et al. v. Edmonds.]

and evidence that the collector paid such taxes out of his own pocket, was not admissible in the suit on the bond, although many breaches were assigned.

8. *Same.*—In an action by a tax collector on his deputy's bond, it is incompetent evidence to show that the collector himself was unskillful and inaccurate in collecting taxes, and had to rely on his deputy.

9. *Pleading; Bill of Particulars; Right to.*—Although at common law, the granting or refusing of a bill of particulars was in the discretion of the court, now a defendant may as a matter of right, when an account is the foundation of his suit, demand a list of the items composing it, under section 5326, Code 1907.

10. *Same.*—An action for a breach of a deputy's bond is not one founded on an account within the provisions of section 5326, Code 1907, although a statement of debit and credit transactions between the parties was necessary.

11. *Same; Discretion of Court.*—Where the action was for breach of the bond of the deputy tax collector, it was not an abuse of discretion for the court to refuse a bill of particulars of the tranactions involved and assigned as a breach, where a record of the transaction was kept by defendant in a book retained by him.

12. *Discovery; Right to.*—Under the provisions of section 4049, Code 1907, a defendant may secure a statement of any particulars desired which are known to plaintiff by filing interrogatories to be answered by plaintiff.

13. *Evidence; Best; Collateral Matters.*—The best evidence rule does not apply to matters purely collateral to the main issue; hence, the contents of a letter relating to a collateral matter may be shown without the production of the letter itself.

14. *Witnesses; Examination and Cross.*—Where the action was on the bond of a deputy tax collector, it was proper to allow the tax collector to be cross-examined as to items of money claimed to have been paid by the deputy, and not admitted by the collector, as to whether or not he had used them to purchase whisky, notwithstanding the rule that independent evidence of the use of the funds should be rejected.

15. *Same; Impeachment.*—Where the collector asserted that his deputy had not paid over all of the taxes collected, it may be shown, to impeach the collector's recollection, that he did not remember many other items not included in the suit.

16. *Same; Collateral Matter.*—Where the question was thoroughly threshed out on cross-examination, the exclusion of a fact relating to collateral matter and offered solely to impeach the accuracy of plaintiff's recollection as to such collateral matter, was not error.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Mat Edmonds against J. B. Stearnes and others, sureties on his bond as Deputy Tax Collector.

[Stearnes, et al. v. Edmonds.]

Judgment for plaintiff, and defendants appeal. Reversed and remanded.

The complaint is as follows:

Plaintiff claims of defendants $5,000 as damages for the. breach of the condition of a bond made by defendants to one J. F. Price, now dead and not sued, on October 6, 1905, in the said sum of $5,000, with condition. The condition of the above obligation is such that, whereas the above-bound J. B. Stearnes was on August 1, 1905, appointed deputy tax collector of Marshall county, now, if the said J. B. Stearnes shall discharge faithfully the duties of such office during the time he continues therein, or discharges any of the duties thereof, then the above obligation to be void; otherwise to remain in full force and effect. And the plaintiff avers that the condition of the said bond has been broken in this: That defendant J. B. Stearnes, acting as such deputy tax collector under said bond and appointment by this plaintiff, who was then and there tax collector for Marshall county, one of the counties in the state of Alabama, for the collection of taxes of the years 1906, 1907, and 1908, and undertaking to collect the taxes for said year, failed to collect all of the taxes due, and caused plaintiff, as tax collector of Marshall county, to have to pay to the state of Alabama and the county of Marshall a large sum—to wit, $5,000 —and also collected large sums of money due the state of Alabama in the county of Marshall, together with large sums of fees and costs, which he, as such deputy tax collector, was in duty bound to pay over to plaintiff as tax collector of Marshall county, and which he has failed and refused to do.

The demurrers to the complaint having been overruled, the case was submitted to the jury on pleas of

[Stearnes, et al. v. Edmonds.]

the general issues, recoupment, and release, and there was verdict and judgment for plaintiff.

At the first return term in 1911 the defendant moved the court to require plaintiff to furnish to him a bill of particulars showing the several matters with which plaintiff would seek to charge defendant at the trial, reciting that these transactions covered a period of three years, and defendant was in ignorance as to the items complained of. This motion was overruled. According to the testimony of both parties, defendant Stearnes was employed by plaintiff, Edmonds, in 1905 to assist him (the tax collector of Marshall county) to collect the taxes. It is without dispute that thereafter, until Edmonds' term of office expired in 1909, Stearnes served as deputy tax collector, collecting most of the taxes, and disbursing the funds which were deposited in his name as deputy tax collector, keeping the books, making the settlement, and practically running the office for his principal. The principal matter of the suit was whether defendant had accounted to plaintiff for all moneys received by him, in particular the amounts collected as the collector's commission. The plaintiff introduced in evidence a memoranda statement given him by defendant in August, 1909, reciting that the commissions collected for the years 1906, 1907, and 1908 amounted to $2,971.72, and were charged on the books.

STREET & ISBELL, for appellant.

JOHN A. LUSK & SON, for appellee.

SOMERVILLE, J.—One who is appointed deputy tax collector, and in that capacity "undertakes to collect the taxes," is not liable to his principal for his

failure to collect all the taxes, unless his failure is due to some fault of willfulness or negligence in the discharge of his duties. He is not, in the absence of an agreement to be thus bound, a guarantor of success. Hence, in an action on such deputy collector's bond against the deputy and his sureties, the bond being conditioned upon the faithful discharge of the duties of the office, an assignment of breach that such deputy "failed to collect all of the taxes due, and caused the plaintiff, as tax collector of Marshall county, to have to pay to the state of Alabama and the county of Marshall a large sum, to wit, $5,000," is insufficient upon apt demurrer. A breach must be so assigned as to show that the contract has been broken, and that the plaintiff has a cause of action.—*Watts v. Sheppard,* 2 Ala. 425; *Dunn v. Davis,* 37 Ala. 95; 5 Cyc. 826b. The demurrer was interposed to the complaint, and to each breach separately, and the first, third, and fourth grounds point out this deficiency. The trial court erred therefore in overruling the demurrer as to this assignment of breach.

The other assignment of breach—viz., that the defendant has failed or refused to pay over to the plaintiff large sums of taxes, fees, and costs collected by him—sufficiently shows a breach of the obligation of the bond without specifying the particular items charged.

As to these items, the defendant moved the court to require the plaintiff to furnish him with a bill of particulars, which motion was overruled. At common law, "granting or refusing a demand for a bill of particulars is usually a matter within the sound discretion of the court under the particular facts of the case." In this state, "when an account is the foundation of the suit," the defendant may of right demand "a list of the items composing it."—Code, § 5326; *Morrisette*

*v. Wood,* 128 Ala. 505, 30 South. 630. We do not think that an account is the foundation of this suit within the meaning of the statute, although the determination of the issue made by the complaint might contingently require a statement of debit and credit transactions between the parties. It is true it was said in *Morrisette v. Wood, supra,* that "it it immaterial what the character of the action may be, whether for goods and merchandise sold and delivered, for money had and received, for work and labor done, or materials furnished, and the like, if an account is the foundation of the suit, the defendant is entitled to a list of the items composing it." Yet, if the action is not for a recovery for such matters, the statute does not apply. Here the action is for damages for the breach of a bond.

It may be observed in passing that the defendant may in all cases secure a statement of the particulars desired, so far as they are known to the plaintiff, by filing interrogatories to his adversary under section 4049 of the Code. This recourse was open to the defendant in this case. We hold that the requirement of a bill of particulars was not in this case a matter of right in the defendant, but rested within the sound discretion of the trial court. And since it appeared on the trial that all debit and credit transactions between the parties were kept entirely by the defendant in a book which remained in his custody, and that the items and balances were not known to the plaintiff, no abuse of judicial discretion is shown.

On the cross-examination of the plaintiff it would have been proper to allow the defendant, with respect to certain items of money paid to plaintiff by defendant, and not admitted by him, to refresh his recollection by asking if they were not procured or used for the purchase of whisky. But independent evidence of such

[Stearnes, et al. v. Edmonds.]

use of the money was not material to the issue, and was properly rejected.

With respect to the Humes taxes, we think it is perfectly clear that, if the plaintiff, who was by law clothed with authority and duty in the matter of their collection, authorized or consented to the postponement of their payment, or of taking the legal steps for their compulsory collection, he cannot recover damages against the defendant in that behalf. "Volenti non fit injuria." Several charges asserting this proposition were erroneously refused to the defendant.

Moreover, the plaintiff is not entitled, as of course, to recover of the defendant the full amount of the taxes which the latter even willfully or negligently failed to collect. He is entitled to recover only for the damage resulting to himself from such failure. And, if plaintiff knew of such failure in time to have allowed him an opportunity to collect them himself, or to cause their collection, by the exercise of reasonable diligence, it was his duty to do so, and thus avoid the threatened loss of which he now complains. He could, of course, in such case recover all incidental damage or expense resulting from the deputy's omission. The seventh refused charge covers this proposition, and should have been given.

We presume that the rulings of the trial court upon this feature of the case were induced by the plaintiff's testimony that although he knew of or consented to the postponement of the collection of the Humes taxes, nevertheless the defendant individually assumed responsibility for their subsequent payment, and hence, it was concluded, he ought not to escape from his obligation. But the conclusive answer to that theory is that the obligation thus assumed by the deputy was individual, and not official. It bore no logical relation to the dis-

charge of his duties as deputy tax collector, and was separate and apart therefrom. It is clear, therefore, that his failure to discharge that personal obligation by the payment of these delinquent taxes was not a breach of the condition of the bond, and imposed no liability on the sureties who are jointly sued, nor on the deputy himself in this form of action.

The fact that the plaintiff paid these taxes out of his own pocket in his settlement with the state and county was not material to the defendant's liability, and might well have been excluded.

We think the defendant should have been allowed to show the contents of a letter written by Humes to the plaintiff requesting him to hold up for a while on his taxes. It tended to corroborate the defendant's version as to the circumstances of their noncollection, and, being purely collateral to the main issues, the "best evidence" rule did not require the production of the letter itself.

The fact that the plaintiff had no recollection of an item of $100, covered by the defendant's check to one Seibold, and used by plaintiff to pay his debt to Seibold, was a matter properly brought out on plaintiff's cross-examination for the purpose of impeaching the accuracy of his recollection of other items as to which he had testified, although the item in question was not included in this litigation. But, being purely collateral in its bearing, the court will not be put in error because of the refusal to allow the introduction of the check itself in evidence.

The fact that the plaintiff is "unskilled and inaccurate" in collecting taxes, if so, has no legitimate bearing upon the issues involved, and evidence to that effect was properly rejected.

[Jackson v. Georgia Fire Insurance Co.]

Several minor questions of evidence are not now noticed, as they may not arise again.

For the errors noted, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.