## CITY OF ALBANY v. LEFTWICH.

Circuit Court of Appeals, Fifth Circuit. February 22, 1928.

Rehearing Denied March 17, 1928.

No. 5082.

Limitation of actions ⊜⇒29(1)—Approximate estimates made monthly by engineer of work done under paving contract held open account, not account stated, for purpose of statute of limitations (Code Ala. 1923, § 8947).

Where a contract with a city for paving required the engineer to make approximate estimates each month of work done, on approval of which the city should pay 90 per cent. of the estimate, and provided that on completion of the work the engineer should make a final estimate, on which settlement should be based, the approximate monthly estimates and payments made thereunder did not constitute accounts stated, binding the city to pay the reserved 10 per cent., but in the absence of final approved estimate the account remained an open one for purposes of the statute of limitations (Code Ala. 1923, § 8947).

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action at law by W. M. Leftwich against the City of Albany. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with direction.

A. J. Harris and W. W. Callahan, both of Decatur, Ala., for plaintiff in error.

E. W. Godbey, of Decatur, Ala., and Giles L. Evans, of Nashville, Tenn. (Tennis Tidwell, of Decatur, Ala., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. In October, 1925, the plaintiff below sued the city of Albany, Alabama, to recover for paving work done on streets of that city. The defendant's pleas included the general issue and the statute of limitations of three years. Paving work was done by plaintiff under an instrument which purported to be a contract between him and the defendant, and that work was stopped when that contract was adjudged to be invalid. Under the terms of that instrument stated prices were to be paid for described units—for instance, a stated price per square yard of a described kind of pavement—which were to include all material, equipment, tools, labor, and work. That instrument contained the following:

"Monthly Estimates.—The engineer shall, on the 1st day of each month, make an approximate estimate in writing of the amount of work done, and materials furnished, and the value thereof, according to the terms of this contract. It is expressly understood that said monthly estimate shall be made only when the work progresses in accordance with the provisions of the contract and specifications. Upon such monthly estimates being approved by the chairman of the street committee, an order will be given for the payment of the contractor of ninety per cent. (90%) of such estimated value, less all payments previously made, which order will be honored on the 15th day of each month.

"Final Estimated Payment.—It is further mutually agreed that whenever, in the opinion of the engineer, the contractor shall have completely performed this contract on his part, the engineer shall proceed to inspect and measure the work, and shall make a final estimate, which he shall certify in writing to the board; the certificate shall state the whole amount of work done by the contractor including all extra work, and also the value of such work, under and according to the terms

of this contract. Upon the approval of the estimate by the chairman of the street committee, an order will be given for the payment to said contractor, of the amount remaining due him, after deducting the amount of the estimate, all sums that have previously been paid to or for him, under any of the provisions of this contract, and also all such sums of money as by the terms hereof, it is or may be authorized to reserve or retain.

"*Measurements.*—It is further agreed that no extra or customary measurements of any kind shall be used in measuring the work done under these specifications, but the actual length, area, solid contents or number used, and the work paid for according to them."

After that instrument was executed the parties signed another instrument, which, after reciting the above set out provision as to monthly estimates, stated:

"It is hereby agreed that said words shall be construed and held to mean that the city will pay for materials furnished and delivered for use in the construction of the streets and pavements, and made available for this purpose upon its approval by the city engineer. All prices of materials so delivered and for which estimates are to be approved by the city council shall be fixed by the city engineer."

While the work was in progress a number of monthly estimates were made by the engineer in accordance with last-quoted provision, were audited by the chairman of the street committee and approved by the city council, and 90 per cent. of the amount thereof, less payments previously made, were paid by the defendant. The last approval of an estimate and payment of the 90 per cent. were made in November, 1921. The defendant complains of the court's refusal to instruct the jury to find in its favor if they believed the evidence, of its refusal to instruct, as to each count, that the jury could not find for the plaintiff if they believed the evidence, and of the following part of the court's charge to the jury:

"But, as I see it in this case, there was not only an open account, but stated account, in this way. Of course, there was no final settlement for the whole work, but each current month the engineer of the city made an estimate and a report as to how much the plaintiff was entitled to, to the city council, and the city council allowed these items during the progress of the work and paid 90 per cent., and it seems to me that transaction constituted an account stated between the city and the contractor for that month's work, when the estimate was filed and allowed by the city. Now, if that is true, that account would not be barred for six years after the statement of each month's work when the estimate was allowed by the city council, and it is not a matter of dispute that six years has not elapsed since their allowance. Therefore, I should say that on the estimate of the work done, which represents work done and shown on the estimate as unpaid would not be barred by the statute of limitations."

The written contract being invalid, the plaintiff's demand was for the reasonable value of the work done and materials furnished, and was barred by the limitation of three years if the account based on that demand was not a stated one, but was open and unliquidated. Morrisette, Ex'r, v. Wood, 128 Ala. 505, 30 So. 630; Code of Alabama 1923, § 8947. Though the contract was invalid, provisions of it may be looked to as circumstances throwing light on the question as to what was intended to be the effect of the dealings of the parties with reference to monthly estimates.

The defendant's approval of a monthly estimate and payment of 90 per cent. of the amount thereof did not make such estimate a stated account, unless both plaintiff and defendant intended to admit the correctness of the amount stated in the estimate, and the defendant intended to admit its liability for the unpaid 10 per cent. of that amount, and to bind itself to pay the retained percentage. Such estimate did not become a stated account if, as to the matters referred to therein, there was not a final settlement and adjustment involving an express or implied promise or agreement by defendant to pay to plaintiff the amount of the retained percentage. Walker v. Trotter Bros., 192 Ala. 19, 68 So. 345; Toland v. Sprague, 12 Pet. 300, 335, 9 L. Ed. 1093. The terms of the provisions as to monthly approximate estimates of the amount of work done and material furnished while the work contracted for was in progress indicate the absence of any intention to give to a compliance with those provisions the effect of fixing the defendant's liability for the 10 per cent. of that amount which was not promised to be paid.

When those provisions are considered in connection with the provision as to a final estimate, it is quite apparent that the parties did not intend their dealings with reference to a monthly approximate estimate to have the effect of finally determining the total amount plaintiff was to get and defendant was to pay for the work and material referred to in the estimate. The final es-

timate provided for was to be an independent one, not based in whole or in part on approximate estimates made during the progress of the work, but on inspections and measurements of the work and valuations thereof under and according to the terms of the contract. Evidently the parties contemplated that the amount defendant was to be obligated to pay was to be unliquidated until it was ascertained in the manner prescribed in the provision as to a final estimate.

A purpose of such provisions as those under which the defendant, while the work was in progress, made payments substantially less in amount than the estimated value or cost of the labor and materials furnished before such payments were made, is to enable the party for whom the work contracted for is to be done to withhold enough in excess of the value of labor and materials furnished while that work is in progress to pay for the completion of the work within the contract price in the event of the contractor failing to complete it, and to be indemnified against other default of the contractor. That purpose would be defeated by giving to defendant's approval of an approximate estimate and payment of 90 per cent. of the amount thereof the effect of an agreement or promise to pay to plaintiff the amount of the unpaid percentage. A finding that the defendant impliedly agreed to pay the unpaid 10 per cent. of the amounts of the several monthly estimates was not warranted, as in making the payments the defendant was complying with provisions of an express agreement, which called for the payment of only 90 per cent. of those estimates, not the whole or the unpaid 10 per cent. of the amounts thereof.

The express agreement under which the parties were acting was inconsistent with the existence of an intention on the part of the defendant to agree to pay the unpaid 10 per cent. What was done by the parties with reference to the approximate estimates did not liquidate in whole or in part defendant's debt for the work done. Those estimates did not become stated accounts as to the unpaid 10 per cent. thereof, because the parties did not expressly or impliedly admit that such estimates correctly stated what was owing by one of them to the other, and the defendant did not expressly or impliedly agree to pay the unpaid 10 per cent. of those amounts.

We conclude that the account sued on was not a stated one, but was an open and unliquidated one, and that the court's abovementioned rulings were erroneous. Because of those errors, the judgment is reversed, and the cause is remanded, with direction that a new trial be granted.

Reversed.