## UNITED STATES FIDELITY & GUARANTY CO. v. UNION INDEMNITY CO.

No. 6414.

Circuit Court of Appeals, Fifth Circuit.

Feb. 12, 1932.

Rehearing Denied March 4, 1932.

M. C. Stewart, of Birmingham, Ala., for appellant.

J. Kirkman Jackson and Walter Brower, both of Birmingham, Ala., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

The Bessemer Engineering & Construction Company obtained from the state of Alabama a road construction contract, to secure the performance of which it gave bond with appellee as surety. It afterward sublet its contract to W. F. Flowers, who agreed to perform it, and in turn required of him a bond for $25,000, upon which appellant became surety, conditioned that "the said principal shall well and truly indemnify and save harmless the said obligee from any pecuniary loss resulting from the breach of any of the terms, covenants and conditions of the said contract on the part of the said principal to be performed." Flowers, though he performed a large part of the construction work,

became involved in financial difficulties and abandoned his undertaking. Appellee completed the contract, thereby becoming subrogated to the Bessemer Company's rights under it, and brought suit against appellant as surety on Flowers' bond. The complaint sets out in extenso the bond and contract of Flowers, and, in assigning breach of condition, alleges in the language above quoted from the bond that Flowers, the principal, did not indemnify and save harmless the Bessemer Company, obligee, but, on the contrary, that the Bessemer Company had suffered a pecuniary loss in excess of the penalty of the bond by reason of the breach of contract. A demurrer, based on the ground, among others, that the complaint states only a mere conclusion of the pleader, and fails to disclose with sufficient certainty what the alleged breach consisted of, was overruled; and the trial resulted in a verdict and judgment for approximately $22,000 in favor of appellee. Numerous breaches were sought to be established by appellee's evidence, but as to some of them at least the evidence as a whole was conflicting and confusing.

■■ The order overruling the demurrer is assigned as error. In our opinion, that assignment is well taken. The rules of good pleading require that a declaration or complaint should state the nature of the cause of action with sufficient certainty to give the adverse party reasonable notice of what he has to meet, so as to enable him to prepare his defense. Birmingham Ry., etc. v. Oden, 146 Ala. 495, 41 So. 129; Woodward Iron Co. v. Marbut, 183 Ala. 310, 62 So. 804. And these rules apply in actions upon bonds as well as in other cases. At common law, as modified by the statute of 8 and 9, Wm. 3, ch. 11, § 8, a plaintiff in an action on a bond could declare for the penalty without noticing the condition, and, upon plea that the condition had been kept and the bond thereby made void, assign the breaches of condition in his replication; or he could at once set out the condition and assign one or more breaches. In either case the breaches must have been assigned, "not merely in the words of the condition, but specially stating the facts." 1 Chitty 586.

This practice was adopted in Alabama at an early date. Watt's Ex'rs v. Sheppard, 2 Ala. 425; Anderson v. Dickson, 8 Ala. 733; Governor v. Wiley, 14 Ala. 172. And it has been recognized in recent cases. Fidelity & Deposit Co. of Md. v. Robertson, 136 Ala. 379, 34 So. 933; Stearnes v. Edmonds, 189 Ala. 487, 66 So. 714; National Surety Co.

v. Citizens' Light, etc., Co., 201 Ala. 456, 78 So. 834. In the last-mentioned case suit was brought on an injunction bond, and it was held that it was enough to allege in the complaint that the suit had been dismissed, without alleging the cause of dismissal. There the bond sued on was conditioned, in the usual form, to pay such costs or damages as the defendants should sustain by reason of the wrongful issuance of the injunction. Dismissal of the suit was a conclusive showing that an injunction had been wrongfully issued. We do not understand that the court intended to say more than that the cause of dismissal was immaterial, and that a right of action on the injunction bond had accrued. It certainly was not intended to overrule Watt's Ex'rs v. Sheppard and Stearnes v. Edmonds, supra, since those cases were cited with approval. As the complaint failed to allege any one of the several breaches which were successfully relied on at the trial to establish the damages recovered, we are unable to say that the error in overruling the demurrer did not affect substantial rights of appellant, and is therefore harmless under 28 USCA § 391.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.