168 So. 457
## WAINWRIGHT v. STUART.
### I Div. 242.

Court of Appeals of Alabama.

May 19, 1936.

B. F. McMillan, Jr., of Mobile, for appellant.

Hybart & Chason and H. M. Hall, all of Bay Minette, for appellee.

SAMFORD, Judge.

The action was on the common counts. The pleas were the general issue and the statute of limitation of three years (Code 1923, § 8947). At the conclusion of the evidence, the court, at the request of defendant, gave the general charge in his behalf.

Ernest Wainwright was convicted in the circuit court of Baldwin county and from that judgment the defendant, Wainwright, took an appeal to this court. The plaintiff in this case, desiring to make bond for Ernest Wainwright, made application to this defendant, who was at that time sheriff of Baldwin county, having custody of Ernest, for bail pending appeal and presented him an appearance bond, signed by Ernest, himself, and John Hadley. In addition to the bond signed as above, the defendant required plaintiff to deposit with him $300 in cash, to which this plaintiff agreed, on the condition that the money should be returned to him on the termination of the appeal and the surrender of Ernest to abide the judgment. Not hav-

ing the money there present, this defendant prepared a check on a bank at Atmore for the amount, payable to O. C. Hall, cashier, signed by this plaintiff and delivered to this defendant. At the time of the delivery of the check, defendant assured plaintiff that the money would be returned upon compliance by Ernest with the conditions of the appearance bond. The check was dated "5/25/31" and was cleared and paid. The criminal case was determined against Ernest, and on April 28, 1932, Ernest was delivered to the sheriff in compliance with the terms of the appearance bond, and plaintiff then and there demanded the return of the $300 placed on deposit with defendant and thereupon defendant failed or refused to 'return the money, which he still retains. This suit was filed April 26, 1935.

The fact that the check for $300 was made payable to O. C. Hall, at the instance of the defendant, does not change the character of the transaction between this plaintiff and this defendant. The deposit was made with defendant and the relation of debtor and creditor immediately arose, subject to the conditions under which the deposit was made. 16 Corpus Juris 24.

The approval of the appearance bond in the appeal case of Ernest Wainwright, while irregular, was still valid and binding. Code 1923, § 3383, as amended, Gen. Acts 1931, p. 675; Michie's Cum.Supp. § 3383.

■ ▉ The action in this case is based upon a verbal contract between plaintiff and defendant; therefore, the appeal bond in the criminal case and the judgment in the Court of Appeals were collateral to the issue, and the best evidence rule is not here applicable. Stearnes v. Edmonds, 189 Ala. 487, 66 So. 714; 12 Alabama and Southern Digest, Evidence, ⚖171.

▉ The court, in giving to the defendant the general charge, took the view that the $300 paid by plaintiff had never been traced into the hands of this defendant. In this, he fell into error. The entire negotiation for the deposit of the money was with this defendant. He it was who demanded its payment; he wrote the check and selected the payee; he gave the assurance of the return of the money. Hall was in no sense the agent of plaintiff, but he was the agent of this defendant, and the payment of the check to Hall was to all intents and purposes a payment to the defendant, and upon the conditions of the

deposit being complied with, defendant became obligated upon demand to pay the money to the plaintiff.

Under the undisputed evidence in this case, all of the conditions under which the $300 was paid were complied with and, this being so, the plaintiff was entitled to a judgment.

The judgment is reversed and the cause is remanded.

Reversed and remanded.