GEORGE F. McCALL and MARYLAND CASUALTY COMPANY v. FRED P. CONE, as Governor of the State of Florida, Suing for the Use and Benefit of the County of Dade.

197 So. 768
En Banc
Opinion Filed July 26, 1940
Rehearing Denied September 27, 1940

*John J. Lindsey, Kurtz, Reed, Sappenfield & Cooper,* for Plaintiffs in Error;

*George Couper Gibbs,* Attorney General, *John Graham,* Assistant Attorney General, *G. A. Worley* and *Joseph Otto,* for Defendant in Error.

PER CURIAM.—This cause having heretofore been sub-

mitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the circuit court be, and the same is hereby affirmed.

Affirmed.

TERRELL, C. J., WHITFIELD, CHAPMAN and THOMAS, J. J., concur.

BROWN and BUFORD, J. J., dissent.

BUFORD, J. (dissenting).—To a judgment in favor of the plaintiff, defendants have sued out writ of error and challenge the judgment for the reasons indicated in five questions, stated as follows:

1. "Where a suit is filed upon an official bond is it necessary that the amended declaration set out the various items of money for which the said official is alleged to have failed to account, the persons to whom the official should have accounted for such items, the dates thereof, and the allegations that a loss or damage existed by reason thereof, either to the plaintiff or to the use plaintiff, that the official 'did from time to time receive as such Clerk divers and sundry sums of money as fees, deposits for fees, cash appearance bail bonds, cash civil bonds, and money for the payment of jurors,' and that said official 'did fail to account for the said sums of money;' or in the absence of such allegations in the declaration should the plaintiff be required to file a bill of particulars setting forth such information?"

2. "Where an amended declaration sues upon an official bond in which the obligee is described as 'Doyle E. Carlton,

Governor of the State of Florida, and his successors in office,' and the suit is brought by David Sholtz, as Governor of the State of Florida, should a demurrer thereto be sustained?"

3. "Where the defendants filed pleas denying that either the plaintiff, or the use plaintiff, had sustained any damage or loss in connection with the moneys which it was alleged the official had failed to account, and to the effect that certain of the moneys had been received by the official by virtue of an unconstitutional and therefore unlawful statute, and that he therefore did not receive them in the performance of 'The duties of his said office as prescribed by law,' and additional pleas denying that plaintiff had the right to maintain the suit 'as' Governor of the State of Florida, either for his own use or for the use and benefit of the use plaintiff, and that the State of Florida permitted the official to remain in office after they knew of his failure to account, and that the moneys alleged to have been wrongfully and unlawfully converted to his use were for the purpose of making good prior defalcation in his office, and that the moneys alleged to have been wrongfully and unlawfully converted to his use were made good and restored to his account, should a demurrer to such pleas be sustained?"

4. "Where, pursuant to the statute, invalid and unconstitutional by its terms, money comes into the possession of a public official and by said public official is converted to his own use, is the surety of such public official upon a bond conditioned that the public official will 'diligently and faithfully perform all of the duties of said office, as prescribed by law' liable to respond in damages to the Governor of the State of Florida, for the use and benefit of the County of Dade and State of Florida, where the pleadings and testimony show no loss or damage accruing either to the County of Dade or the State of Florida?"

5. "Where the surety, upon the bond of the public official, conditioned that such public official will 'diligently and faithfully perform all of the duties of his said office, as prescribed by law,' the declaration alleges that said public official did receive various and divers sums of money to the extent of $12,000 excess fees over and above that which he was authorized by law to keep and retain, and failed to account for and pay over to the County Commissioners of the County, of which he was Clerk of the Criminal Court of Record, and the principal if not the sole proof offered by the plaintiff, the Governor of the State of Florida, for the use and benefit of the County and of the State of Florida, consists of the certificate of a Comptroller of the State of Florida, accompanied by an audit of the State Auditing Department, upon its face admitting that the same is based upon hearsay testimony, and is wholly incomplete, and where the defendant surety company is denied the right to cross examine the member of said Auditing Department making the audit, is the Judge of the Trial Court authorized by law to direct a verdict in favor of the State?"

The amended declaration alleges:

"For that heretofore, to-wit: on the 18th day of November, A. D. 1930, the defendant George F. McCall, having been elected Clerk of the Criminal Court of Record of Dade County, Florida, and being desirous of qualifying as such Clerk and in order to qualify as such Clerk, he, the said George F. McCall, and the said Maryland Casualty Company, a corporation, did enter into a certain writing obligatory under seal whereby the said George F. McCall and Maryland Casualty Company became bound unto Doyle E. Carlton, then Governor of the State of Florida, and to the successors of the said Doyle E. Carlton as Governor of the State of Florida in the full sum of Ten Thousand Dol-

lars ($10,000.00) as will more fully appear in and by a copy of said bond and writing obligatory hereto attached and made a part hereof and marked 'Plaintiff's Exhibit A' the conditions of which said bond being that the said George F. McCall as Clerk of the Criminal Court of Record for said Dade County from the date of his commission until the first Tuesday after the first Monday in January, A. D. 1933, should diligently and faithfully perform all the duties of the said office as prescribed by law and which said bond after having been regularly and duly signed and sealed was duly delivered and regularly and duly approved by the County Commissioners of said Dade County as required by law and Ernest Amos as Comptroller of the State of Florida; that after the execution and delivery of said bond the said George F. McCall was duly commissioned by the Governor of the State of Florida on to-wit: the 2nd day of December, A. D. 1930, and thereby became and was the duly qualified and acting Clerk of said Criminal Court of Record of Dade County, Florida, and continued so to be, to and until the first Tuesday after the first Monday in January, A. D. 1933; that as such Clerk of said Criminal Court of Record of Dade County, Florida, he, the said George F. McCall, by law was then and there also the ex-officio Clerk of the Court of Crimes of Dade County, Florida, and Clerk of the Civil Court of Record of Dade County, Florida, and that during said tenure of office of the said George F. McCall, he, the said George F. McCall, as such Clerk did from time to time receive as such Clerk divers and sundry sums of money as fees, deposits for fees, cash appearance bail bonds, cash civil bonds, and money for the payment of jurors for jury service in said courts, and that it became and was the duty of the said George F. McCall as such Clerk to diligently and faithfully perform all of

the duties of the said office as prescribed by law and to account for all and singular the moneys by him received as aforesaid; but that during said tenure of office between the 2nd day of December, A. D. 1930 and the 1st day of January, A. D. 1933, the said George F. McCall did fail to diligently and faithfully perform all of the duties of the said office in that to-wit: he, the said George F. McCall, did fail to account for the said sums of money by him so received and did wrongfully and unlawfully of said money convert to his own use, and wrongfully withdraw and fail to account for Twelve Thousand Dollars ($12,000.00) over and above all that which he the said George F. McCall as such Clerk was by law authorized to keep and return as compensation and salary for his services as such Clerk; that by reason of the failure of the said George F. McCall to faithfully and diligently perform the duties of his said office as aforesaid in accordance with law and the conditions of said bond, the obligation of the said defendants to pay the amount thereof has become and is now unconditional and absolute;

"Wherefore, plaintiff brings this his suit and claims damages of the said defendants in the sum of Fifteen Thousand Dollars ($15,000.00)."

The bond sued on is as follows:

"KNOW ALL MEN BY THESE PRESENTS: That I, GEORGE F. MCCALL, am held and firmly bound unto DOYLE E. CARLTON, Governor of the State of Florida, and his successors in office, in the sum of Ten Thousand and No/100 Dollars, and I, Maryland Casualty Company, as surety in the sum of Ten Thousand and No/100 Dollars, lawful money, for the payment whereof, well and truly to be made, we do bind ourselves, our and each of our heirs, executors

and administrators, jointly and severally, firmly by these presents.

"Sealed with our seals and dated this 18th day of November, 1930.

"THE CONDITION OF THE ABOVE OBLIGATION IS SUCH, That whereas the above bounden George F. McCall was, on the 4th day of November, A. D. 1930, elected Clerk of the Criminal Court of Record in and for said County of Dade, to hold his office from the date of his commission until the first Tuesday after the first Monday in January, A. D. 1933, and until his successor is qualified, and according to the Constitution and Laws of The State of Florida. Now, if the said George F. McCall shall diligently and faithfully perform all the duties of his said office as prescribed by law, this obligation to be void, otherwise to remain in full force and virtue.

"Sealed and delivered in presence of us."

It is observed that the amended declaration states a cause of action in favor of Dave Sholtz as Governor for the use and benefit of the County of Dade and State of Florida and that it is alleged in the declaration that the principal, George F. McCall, between December 2, 1930 and Tuesday after the first Monday in January, 1933, while Clerk of the Criminal Court of Record of Dade County and as ex-officio Clerk of the Court of Crimes of Dade County, and as ex-officio Clerk of the Civil Court of Record of Dade County, did "from time to time receive as such Clerk divers and sundry sums of money as fees, deposits for fees, cash appearance bail bonds, cash civil ·bonds, and money for the payment of jurors for jury service in said courts, and that it became and was the duty of the said George F. McCall as such Clerk to diligently and faithfully perform all of the duties of the said office as prescribed by law and to

account for all and singular the moneys by him received as aforesaid; but that during said tenure of office between the 2nd day of December, A. D. 1930, and the 1st day of January, A. D. 1933, the said George F. McCall did fail to diligently and faithfully perform all of the duties of the said office in that, to-wit: he, the said George F. McCall did fail to account for the said sums of money by him so received and did wrongfully and unlawfully of said money convert to his own use, and wrongfully withdraw and fail to account for Twelve Thousand Dollars ($12,000.00) over and above all that which he the said George F. McCall as such Clerk was by law authorized to keep and retain as compensation and salary for his services as such Clerk."

We hold that the declaration is sufficient to state a cause of action but we are constrained to hold that the allegations of the declaration were so general and indefinite that the defendants, especially the surety company, were entitled upon timely application, which was made, to have a bill of particulars showing the items of the shortage upon which the user-plaintiff, Dade County, was entitled to recover.

The declaration alleges, for instance, that McCall received as clerk divers "sums of money as fees, deposits for fees, cash appearance bail bonds, cash civil bonds, and money for the payment of jurors for jury service in said court" and that he "did fail to account for the said sums of money so received and did wilfully and unlawfully of said money convert to his own use and wrongfully withdraw and fail to account for Twelve Thousand Dollars ($12,000.00) over and above all that which he the said George F. McCall, as Clerk was by law authorized to keep and retain as compensation and salary for his services as such Clerk."

There is nothing in the declaration to show that McCall was under any duty to pay over the money alleged to have

been received by him as deposits for fees, cash appearance bail bonds, or cash civil bonds to the County of Dade. *Non constat,* it may be, for all that is alleged in the declaration, that it was the duty of McCall to return to the persons by whom the same was deposited all or major portion of the sums deposited for fees and that it became his duty to return the money received as cash appearance bail bonds to the person or persons who deposited the same (see Sec. 8334 C. G. L.) and to return the money received for cash civil bonds to the person or persons who deposited the same for that purpose.

If money was deposited with McCall as a cash bail bond and the bond was discharged by appearance of the depositor, or the person whose appearance was secured by the bond, then it would have been the duty of McCall to return the money to the depositor. The same condition applied to cash civil bonds and may also apply to deposits for fees. In such cases the person or persons entitled to the return of the money have a cause of action against the surety company for the defalcation of McCall in that regard and a recovery by the county as a user-plaintiff of a judgment for such sums would not preclude recovery by the proper user-plaintiff.

Dade County, as user-plaintiff could only recover such sum as the county was entitled to receive from McCall and which sum McCall failed to pay over to the county. It, therefore, follows that the surety company defendant was entitled to have filed a bill of particulars showing the items of alleged defalcation which it was McCall's duty to pay over to the county and a denial of this right constituted an abuse of judicial discretion and ground for reversal. See Morrisett v. Wood, 128 Ala. 505, 30 Sou. 630; West Va. Transportation Co. v. Standard Oil Co., 50 W. Va. 611, 40

S. E. 591; Anti-Kalsomine Co. v. Grove, 78 N. W. 467 (Mich.) ; Baldwin v. Nesmuth, *et al.,* 56 N. Y. Supp. 318.

There is no merit in the contention presented by question number 2. See Thomas, *et al.,* v. Martin, 100 Fla. 146, 129 Sou. 602.

As to question number 3, we think that it is elementary that it is not essential to plead or prove in cases of this sort that the county sustained any loss or damage in connection with the defalcation alleged, but it is essential to allege and prove that the user-plaintiff was entitled to receive and have paid over to it the money alleged to have been the subject of defalcation.

It is also of no consequence nor a matter of defense that the alleged defaulter was permitted to remain in office after it was known by the plaintiff that default had occurred.

Under the fourth question plaintiff in error contends that because, as it is alleged, the statute, Chapter 13988, Special Acts of 1929, is contrary to Section 20 of Article III of the Constitution that the plaintiff in error here, defendant in the court below, could not be held liable for default of money received by him under the provisions of that statute. We think there is no merit in the contention. If he received the money under provisions of the statute he was bound to pay it over under provisions of the statute and is estopped to deny his liability to account for funds so received. See National Surety Corp. v. Sholtz, for use and benefit of Tyler, 123 Fla. 110, 166 Sou. 213; Walling, *et al.,* v. Carlton, Governor, *etc.,* 109 Fla. 97, 147 Sou. 236 and cases there cited.

The fifth question challenges the efficacy of Sections 1035 R. G. S., 1346 C. G. L., and 1036 R. G. S., 1347 C. G. L. We cannot hold that these sections of the statute are applicable to the case at bar. In this case there is no allega-

tion that there was any sum of money due by McCall to the State of Florida or that there was any money which it was McCall's duty to pay into the State Treasurer which he had not paid into the State Treasury. It will be observed that Section 1035 R. G. S., 1346 C. G. L., is limited by the language: "When any revenue officer or other person accountable for public money shall neglect or refuse to pay into the Treasury the sum or balance reported to be due the State upon the adjustment of his accounts the Comptroller shall immediately hand over to the State Attorney of the proper Circuit the statement of the sum or balance certified under his hand and seal of office so due." The statute, by its very terms is limited to transactions where moneys are due by revenue or other officers to the State, and has no application in other cases. The same observation applies to Section 1036 R. G. S., 1347 C. G. L.

For the reasons stated, I think, the judgment should be reversed and the cause remanded for further proceedings.

BROWN, J., concurs.